Blase, Appellant, v. Philadelphia & Reading Coal & Iron Company.

Argued October 23, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

Roger J. Dever, for appellant.

Penrose Hertzler, and with him J. A. Welsh, for appellee.

OPINION BY CUNNINGHAM, J., December 18, 1934:

The controlling facts in this appeal by the claimant in a workmen's compensation case are not in controversy. While in the course of his employment, Blase suffered certain "head injuries" as the result of an accident on November 14, 1922. An open agreement, providing for the payment of compensation for total disability, at the rate of $12 per week and beginning November 25, 1922, was executed by the parties; it was duly approved by the board and had a potential life of 500 weeks, i. e. until June 24, 1932.

Under this agreement claimant was paid $58 from November 25 to December 18, 1922, a period of 4-5/6th weeks. On the latter date he returned to work with his employer and continued his employment, without any diminution in his earning power, until April 14, 1925,—a period of 120 weeks.

In October, 1926, he filed a petition for the review of his compensation agreement under the second paragraph of Section 413 of the Amendatory Act of June 26, 1919, P. L. 642, 661, upon the ground of a recur-

rence of disability. As the petition was filed prior to the amendment of April 13, 1927, P. L. 186, 194, we are not concerned with the limitation of one year therein provided. The proceedings had upon this petition, which need not be detailed, resulted in an order by a referee (affirmed by the board and by the common pleas) reinstating the agreement as of April 14, 1925, the date upon which claimant's employment terminated.

Under this order he was paid compensation for total disability from April 14, 1925, to June 25, 1932, or a period of 375-4/7th weeks; the aggregate amount of compensation paid was $4,564.85.

The present appeal arises out of the filing by claimant on January 19, 1933, of a second petition for review, in which he averred that the action of his employer in discontinuing his compensation payments on June 25, 1932,—the date of the expiration of the 500 weeks' period—was in violation of his rights under the statute, and in which he also alleged he was still totally disabled; the prayer of the petition was for an order directing the continuance of his payments until they totaled $5,000—the maximum amount originally provided for by Section 306 (a) of the Act of 1919, supra. In its answer the employer pleaded the facts above recited with respect to claimant's payments and employment and contended that the petition should be dismissed because its liability terminated, under those facts, on June 24, 1932.

The petition was filed within one year after the last payment of compensation, but more than 500 weeks after the tenth day of the initial disability. It was agreed that the matter should be disposed of upon the pleadings. Under the facts therein appearing, the referee held that the employers' liability to pay compensation ended with the expiration of the period of 500 weeks; the petition was accordingly dismissed.

The board, upon appeal to it by the claimant, disagreed with the reasons assigned by the referee, but made an order dismissing the petition upon certain other grounds set forth in its opinion. We do not agree with the reasons assigned by the board, but, as its order was right, we need not discuss its opinion. Claimant then appealed to the common pleas; that tribunal made an order dismissing his appeal and he now appeals to us.

This case is ruled by Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731, and by Motte v. Carnegie Coal Co. et al., 114 Pa. Superior Ct. 239, 173 A. 670, in each of which cases the Supreme Court declined to grant an allocatur. Here, as in the Zupicick case, the petition for review was filed more than 500 weeks after the tenth day following the accident which caused immediate total disability; here also, as in the Motte case, the employe received the compensation provided for in the agreement during a total period of 380 weeks, and for a period of 120 weeks, was employed at wages equal to those he was earning when injured. For the reasons stated at length in the opinions of this court in the Zupicick and Motte cases, and in the cases referred to in those opinions, we here conclude that the court below was fully justified in holding that all liability of the employer to this appellant, by reason of the accident of November 14, 1922, ceased on June 24, 1932,—the end of the 500 weeks' period.

Appeal dismissed.