Artac *v*. Union Collieries Company, Appellant.

450

Argued April 16, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*Edward J. I. Gannon,* of *Hazlett, Gannon & Walter,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* and *Arthur L. McLaughlin, Jr.,* for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

The previous appeal in this case was disposed of in an opinion reported in 140 Pa. Superior Ct. 499, 13 A.

(2d) 909. An examination of it compels us to conclude it is not now open to defendant-appellant to challenge the finding of mistake of fact and improper conduct, the basis upon which the board set aside the final receipt. That issue is res adjudicata.

In its original opinion of July 14, 1938, the board concluded that: "It appearing to the Board that the claimant, Frank Artac, signed the final receipt under a mistake of fact and because of improper conduct on the part of the defendant, he is entitled to have the same set aside and Compensation Agreement No. 3,018,-396 reinstated." It accordingly ordered the final receipt "be set aside and that the agreement be reinstated to provide for the payment of compensation as for partial disability." It also found claimant "suffered a fifty per cent partial physical disability which continued at the time of the hearing," that it would continue for an indefinite period in the future, but that claimant had failed to show the disability had caused a loss of earning power. It suspended payments of compensation until claimant could demonstrate a lack of earning capacity.

Defendant took no appeal from the order setting aside the final receipt. Claimant appealed on the ground that once having set aside the final receipt and having found that claimant still suffered some disability, the board was without power to suspend the payments. We sustained this contention and held that the burden of proving the extent of the loss of earning power was on defendant, not claimant. We said (p. 504):

"Upon the setting aside of final receipt on the ground of having been improperly obtained, and upon the reinstatement of the compensation agreement, the burden rested upon the defendant employer to prove that claimant's disability had temporarily ceased and that he no longer suffered a loss of earning power. The burden did not rest upon the claimant to show that he had not been restored to his full earning power. See *Carson*

*v. Real Estate-Land T. & T. Co.*, 109 Pa. Superior Ct. 37, 165 A. 677; *Stanella v. Scranton Coal Co.*, supra, 513." We also said (p. 502): "No question has been raised as to the propriety of [that part of the order setting aside the final receipt] ...... as made by the compensation authorities."

Strictly speaking, when a petition to set aside a final receipt is filed under Section 434 (Act of June 2, 1915, P. L. 736, as amended, 77 PS 1001), the only issue before the compensation authorities is whether the grounds for setting it aside exist. If the board refuses to set aside the receipt, that is the end of the matter. On the other hand, the effect of an order setting it aside is to automatically restore the parties to the position they would have been in if the receipt had never been signed. It automatically revives the agreement in effect when the receipt was signed. And theoretically, a new petition by the employer would be required before the board could modify or terminate it. What happens is, and we have no quarrel with the practice, the compensation authorities regard the employer's answer (1) as a denial of the alleged grounds for setting aside the receipt, and (2) where the evidence indicates a disability less than that provided in the revived agreement, as a petition to modify or terminate it. On that hypothesis, it is proper for the board to consider evidence of the extent of disability and its effect on earning power and to modify or terminate the revived agreement accordingly. That is what the board did in the present case. The effect of our previous decision was to recognize the separable nature of this dual procedure. And we held that if the board sets aside the receipt, the employer has exactly the same burden which he has on a petition to modify or terminate an existing agreement under the second paragraph of Section 413 (Act of June 2, 1915, P. L. 736, as amended, 77 PS 772).

We think it apparent that the order setting aside the

final receipt was appealable *(Keasbey's Trust Estate,* 342 Pa. 439, 444, 20 A. (2d) 281; *Porto v. Philadelphia & Reading Coal & Iron Co.,* 124 Pa. Superior Ct. 431, 435, 188 A. 559; *Sayre v. Textile Machine Works,* 129 Pa. Superior Ct. 520, 523, 195, A. 786) and, having failed to appeal from it within the time provided by the act (Act of June 2, 1915, P. L. 736, Art. IV; Section 427, as amended, 77 PS 901), defendant cannot in the present appeal raise any question about the sufficiency of the evidence to sustain it. *Garman v. Cambria Title, Savings & Trust Co.,* 88 Pa. Superior Ct. 525.

Upon the return of the record to the compensation authorities, no further testimony was taken. The board made new findings of fact, one of which was "That the claimant as a result of the accident of September 9, 1933, suffered from a fifty per cent partial disability which disability has been reflected in a fifty per cent loss of earning power beginning with September 24, 1934." It made an appropriate order for the payment of compensation.

The contention is there was no evidence to sustain the finding.

We shall first dispose of the contention that the amendment of 1939 (Act of June 21, 1939, P. L. 520, Section 1, 77 PS 512) governs and that, since claimant was shown to have been earning more during the period covered by the award than he had been earning prior to his accident, no loss of earning capacity was shown. The effective date of the amendment was July 1, 1939. At that time the hearings had been completed; the referee had made his findings; and the appeal to the board was pending. The 1939 act, supra, amended Section 306(b) and provided, "The term 'earning power', as used in this section, shall in no case be less than the weekly amount which the employe receives after the accident." Defendant argues that this provision was procedural not substantive, and, since it

was in effect when the board made its last order (from which the present appeal was taken) the provision was binding on it. Even if we were to agree the amendment is procedural, there is some doubt whether it would apply to a case such as this where the proceedings were instituted and had progressed so far before the effective date. See *Mancini v. Pennsylvania Rubber Co. et al.*, 147 Pa. Superior Ct. 359, 369, 24 A. (2d) 151. But, in our opinion, the amendment is substantive. It determines the amount of compensation allowable. It has no bearing on the manner in which the claimant proceeds to get it. *Salomone v. Pennsylvania Fireworks Display Co.*, 111 Pa. Superior Ct. 220, 169 A. 450; *Russell v. Ralston et al.*, 133 Pa. Superior Ct. 465, 3 A. (2d) 13; see *Seneca v. Yale & Towne Mfg. Co. et al.*, 142 Pa. Superior Ct. 470, 16 A. (2d) 754.

Prior to the accident, claimant earned $18.59 per week as a coal loader. After he returned, he was unable to perform this work because of his disability. Instead he worked at cleaning the road in the mine, at shot firing and other lighter forms of work. Yet he received $24.20 per week. But between the time of the accident and his return to work, the wages of coal miners had materially increased. It was shown that if he had been able to return to his original job as a loader, he would have earned double his original salary, or approximately $37 per week. This court has frequently said, in the absence of a statutory provision such as we now have in the Act of 1939, supra, proof that an injured workman earned more following his accident is not conclusive. See *Weinstock v. United Cigar Stores Co. et al.*, 137 Pa. Superior Ct. 128, 8 A. (2d) 799; *Marmon v. Union Collieries Co.*, 135 Pa. Superior Ct. 582, 7 A. (2d) 156. The injury consisted of a crushed fracture of the twelfth dorsal and first lumbar vertebrae. It left a permanent deformity. The physician who described it gave an opinion that claimant was fifty per cent disabled. The determination of the

extent of the loss of earning capacity was for the fact-finding body. Where, as here, the burden of proof was on the employer we have no power to reverse, except for an error of law. *Ludwig v. Union Collieries Co.,* 147 Pa. Superior Ct. 247, 24 A. (2d) 581.

Judgment is affirmed.