## Johnston v. Butler Railways Company et al., Appellants.

Argued April 21, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Raymond G. Flannery*, for appellants.

*J. E. Marshall,* of *Marshall & McCandless,* for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

The material facts in this workmen's compensation case are not in controversy. Claimant sustained an accidental injury in the course of his employment on June 29, 1939, described, in the language of his attending physician, as a "fracture of the os calsis, the heel bone"; it was reduced under anesthesia and a cast applied and worn for some months. He was paid compensation for total disability under an open agreement until January 2, 1940, by which time his disability had decreased to partial. Shortly thereafter, a petition was filed by the employer and its insurance carrier for termination of the agreement in which it was averred that claimant returned to work on January 2, 1940, and was being paid the same wages he received at the time of the accident. As an alternative, it was requested that, if the referee should find claimant had not "entirely recovered," payments "be suspended until such time as any disability, which claimant might have as a result of the accident in question, shall reflect itself in a loss of earning power." Claimant answered he has a permanent partial disability and the agreement should, therefore, be modified but not terminated.

Based upon substantial and competent evidence, the referee found that as of January 2, 1940, claimant's disability changed from total to 25% partial; and that

since his return to work on that date he has been "receiving the same wages as he did prior to the accident but there are certain parts of his work that he is unable to do." One of claimant's medical witnesses thus described the extent of his disability: "...... Walking with a slight limp, wearing an altered shoe, designed to relieve discomfort in the outer surface of the ankle joint. There is impaired function beneath the lateral malleolus and tenderness beneath the lateral malleolus and the os calsis movement of the subastragalar joint is limited which accounts for some impairment in resiliency in the foot. ...... Mr. Johnston has been working since January 2, 1940, in spite of what I consider to be a definite degree of partial disability, approximately thirty per cent."

An excerpt from claimant's testimony relative to his inability to do the kind of work he was engaged in when injured reads: "Q. What were the things that you were accustomed to lift before this accident in your ordinary work? A. Lifting poles, lifting rail ties, armatures, motors, several things, lots of things. I can name you several, those are the heavy things that takes more than one man to lift. Q. You often did what would be known as heavy work during that period before this? A. Yes, sir. Q. Now, are you doing that now? A. No, I don't do any lifting no time. Q. Why? A. I can't stand just my own weight hardly on that foot. I don't try to lift. The other fellows help me out."

The referee, in accordance with the amendatory Act of June 4, 1937, P. L. 1552, 77 PS §512, (in force upon the date of the accident), awarded claimant "compensation for 25% partial disability, at the rate of $3.40 per week, beginning January 2, 1940, and continuing thereafter for an indefinite period of time, all, however, within the limitations of the act." The controversy in this case arises out of the fact that the referee appended the following provision to the award: "Payment of com-.

pensation in accordance with the award above stated shall be suspended until such time as the claimant's disability shall reflect itself in loss of wages."

The board, upon claimant's appeal to it from so much of the order of the referee as suspended payment of the award, cited, among other cases, *Sayre v. Textile Machine Works*, 129 Pa. Superior Ct. 520, 195 A. 786, and affirmed the action of the referee. It relied upon general expressions in that opinion but failed to take into consideration the distinguishing factual situation there existing. Claimant thereupon appealed to the court below and that tribunal, in an opinion by WILSON, P. J., reversed the portion of the order of the referee and board which suspended payment of the compensation awarded and entered judgment for the claimant upon the award. The present appeal by the employer and its insurance carrier is from that judgment. It must be affirmed.

The court below correctly held that the case at bar is directly ruled against appellants in the majority opinion written for this court by PARKER, J. (now Mr. Justice PARKER of the Supreme Court), in *Plum v. Hotel Washington et al.*, 125 Pa. Superior Ct. 280, 189 A. 792. To this authority may be added *Henry v. Pittsburgh Rwy. Co.*, 131 Pa. Superior Ct. 252, 200 A. 294, and *Weinstock v. United Cigar Stores Co. et al.*, 137 Pa. Superior Ct. 128, 8 A. 2d 799. In the respective opinions in these cases, each was clearly distinguished from *Sayre v. Textile Machine Works*, supra. See also *Marmon v. Union Collieries Co.*, 135 Pa. Superior Ct. 582, 7 A. 2d 156, (particularly at page 586), and *Artac v. Union Collieries Co.*, 149 Pa. Superior Ct. 449, 27 A. 2d 782.

Moreover, our recent case of *Chubb v. Allegheny Country Club et al.*, 147 Pa. Superior Ct. 146, 24 A. 2d 550, rules adversely to appellants every contention they here advance. If the opinion in that case had been filed prior to the taking of the present appeal, the

futility of the latter would have been so apparent that it probably would not be here. The case just cited involved a claim for partial disability by an injured employee who had returned to work and, although able to perform approximately only half of his former duties, received the same wages after as before the accident. There, as here, it was contended that payment of compensation should be suspended under such circumstances. In the course of our opinion in the Chubb case we referred, at page 150, to the fact that the argument for a suspension was probably suggested by the misleading and erroneous dictum at the bottom of page 527 of the opinion in *Sayre v. Textile Machine Works,* supra. We take this opportunity to say that the similar dictum in the concurring opinion in *Plum v. Hotel Washington,* supra, [125 Pa. Superior Ct. 280, 189 A. 792], for which the present writer is also responsible, is equally erroneous. In each of these cases the definite holding of this court in *Stanella v. Scranton Coal Co.,* 122 Pa. Superior Ct. 506, 186 A. 211, that the only ground contemplated by the second paragraph of Section 413, 77 PS §772, of our workmen's compensation act for the *suspension* of an agreement for, or an award of, compensation is that the claimant's disability has *temporarily* ceased, was overlooked. The same ruling was made in the subsequent case of *Angelo v. Keystone State Construction Co. et al.,* 134 Pa. Superior Ct. 255, 3 A. 2d 946, (1939). Nor has this provision relating to "suspensions" been changed either by the Act of 1937, supra, or the last amendatory Act of June 21, 1939, P. L. 520, although the method of ascertaining, under Section 306 (b), the "earning power" of an employee partially disabled as the result of an accident occurring subsequent to the effective date of that act, July 1, 1939, has been modified, 77 PS §512. The assignments of error are severally overruled.

Judgment affirmed.