Osterritter, Appellant, *v.* Moore-Flesher Hauling Company.

Argued April 30, 1942.

Before KELLER, P. J., CUN-

NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John B. Nicklas, Jr.,* of *McCrady, Nicklas & Hirschfield,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY RHODES, J., July 27, 1942:

The referee in this workmen's compensation case disallowed compensation. The Workmen's Compensation Board affirmed the order of disallowance, and the court of common pleas dismissed claimant's appeal and affirmed the action of the board. Claimant has appealed to this court, and complains that the facts of the case have been misinterpreted and an erroneous conclusion reached.

The referee disallowed the claim for compensation for the reason that notice of an accident within the time prescribed by our Workmen's Compensation Act was not given to defendant. The board was of the opinion that notice was sufficient under the Act of June 2, 1915, P. L. 736, §311, as amended by the Act of June 4, 1937, P. L. 1552, §1, 77 PS §631, but found that claimant's deceased husband did not sustain an accident in the course of his employment which resulted in his death.

There is no doubt but that claimant attempted to change her theory of the case, as set forth in her claim petition of August 25, 1939, by her proposed amendment at the hearing before the referee on September 13, 1940. The testimony was virtually confined to establishing an accident as alleged in the amendment. As the testimony clearly supports the board's finding that deceased sustained no accident in the course of his employment which ultimately caused his death, it is not necessary to consider the question of notice although there may be merit in defendant's contention that proper and timely notice was lacking.

It appears that claimant's husband died of lobar pneumonia on May 13, 1939. In her petition claimant alleged that in April, 1939, deceased in the course of his employment with defendant was engaged in moving machinery from the Pittsburgh Press Building, Pittsburgh, Pa., and that by going from the high temperature inside the building to the lower temperature outside he contracted a cold which later developed into pneumonia. At the first hearing before the referee claimant moved to amend her petition to state that deceased, while in the course of his employment with defendant, was forced to cover certain machinery, which was located in the Baltimore and Ohio freight yards at Pittsburgh, with tarpaulin in order to protect it from rain; that no employees were available; that as a result of exposure to the rain he became wet and contracted a cold which later developed into pneumonia; and that the pneumonia caused his death on May 13, 1939. The amendment also contains the phraseology used in *Parks v. Miller Printing Machine Co. et al.,* 336 Pa. 455, 460, 9 A. 2d 742, to characterize those compensable cases which comprise the third group of the four classifications mentioned therein.

The board made the following additional finding of fact:

"9. We find as a fact that the claimant's decedent

voluntarily and deliberately exposed [himself] to rain on or about April 12, 1939, which exposure was followed by a cold and lobar pneumonia, resulting in the death of Ross Osterritter on May 13, 1939; that such exposure did not constitute an accident."

The board also made the following additional conclusion of law:

"3. That since the death of claimant's decedent was not the result of an accidental injury sustained in the course of employment with the defendant the claimant is not entitled to recover compensation."

There is competent and substantial evidence in the record sufficient to sustain the board's additional finding of fact. Such finding is therefore conclusive and cannot be disturbed even if the record contains competent evidence which, if believed, would have justified different findings. *Corrento v. Ventresca et al.,* 144 Pa. Superior Ct. 358, 362, 19 A. 2d 746.

Defendant was in the business of dismantling, moving, and erecting heavy machinery and equipment. Deceased was a superintendent or outside foreman who had charge of rigging and hauling the machinery and equipment. He usually went to work about 7 A.M. and returned about 6 P.M., but he had no regular or specified hours. In the performance of his duties it was necessary for him to be out in all kinds of weather. If he did manual work other than that related to his position as outside foreman it was voluntary. Claimant testified that on April 12, 1939, deceased arrived at home at 6:30 P.M. "wet to the skin," and that he, with claimant and their son, returned in the evening to inspect machinery, which was located in the Baltimore and Ohio freight yards in Pittsburgh, to ascertain whether it was properly covered. At that time it was still raining, and deceased was again exposed to the rain. Two or three days later he developed a chest cold, but he continued to work until April 29, 1939,

when, about 9 o'clock that morning, he returned home and went to bed. His family physician was then called, and he diagnosed deceased's condition as lobar pneumonia. Claimant's testimony was corroborated by that of her minor son.

In deceased's line of work getting wet would not be unusual or extraordinary, or in itself constitute an accident. The fact that deceased got wet and contracted a cold which subsequently developed into pneumonia did not constitute a fortuitous or unexpected event, but it was the natural and foreseeable result of his voluntary and deliberate act in exposing himself to the elements without any extraordinary circumstances impelling him to do so. In denying compensation the board and the court below relied on *Parks v. Miller Printing Machine Co. et al.,* supra, and properly placed the present case, on the basis of the facts found, in the final or fourth group of cases discussed in that opinion. This group "comprises those cases where the exposure causing the pneumonia or similar disease is not only intentional but deliberate and protracted, and in the regular course of the employe's work, and therefore there is no accident either in the happening of an untoward event, or in an unexpected and exceptional result, or in a chain of extraordinary events subjecting the employe to an exigent and unanticipated exposure foreign to his ordinary employment": *Parks v. Miller Printing Machine Co. et al.,* supra, 336 Pa. 455, at page 461, 9 A. 2d 742, at page 745.

In *Gibson v. Frank Kuhn Co. et al.,* 105 Pa. Superior Ct. 264, at page 266, 161 A. 456, in an opinion by President Judge TREXLER, this court said: "We cannot take the position that every workman, who has an outside job who happens in the discharge of his duties as employee to get soaked by a rain and contracts pneumonia, dies from accident."

The judgment of the court below is affirmed, and the record is remitted with direction that judgment be entered for defendant.