Kelemon, Appellant, *v.* Reiber et al.

Argued April 22, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Samuel Krimsly,* for appellant.

*S. H. Torchia,* with him *Ralph H. Behney, T. McKeen Chidsey,* Attorney General, *M. Louise Rutherford,* Deputy Attorney General, and *P. V. Neel,* for appellee.

OPINION BY HIRT, J., July 17, 1947:

Claimant, in the course of his employment in defendant's mine, was struck by a fall of rock on November 3, 1938. He suffered a fracture of the sixth cervical vertebra and other injuries in the upper dorsal region, with accompanying nerve irritation and consequent continuing discomfort. An open agreement was entered into providing for compensation for total disability. Claimant returned to work in the mine eleven months later. On April 22, 1940, after his disability had become partial, compensation was reduced accordingly by modification of the agreement. Alleging that claimant's disability had entirely ceased, defendant, in the proceeding with which we are concerned, petitioned for an order terminating compensation as of January 1, 1944. At the hearing on this petition, the referee found that claimant still had 30 per cent physical disability from his injury. But there was no denial that he had been performing hard labor in defendant's mine for at least two years as a "roadman", at higher wages than he had earned prior to his injury as a "timberman". From the testimony the referee found that claimant "since January 1, 1944 had an earning power equal to or greater than that which he had at the time of his injury." On these find-

ings the referee concluded that, though the facts did not justify termination, yet defendant was entitled to a suspension of compensation payments as of January 1, 1944. An order was entered accordingly. The board adopted the referee's findings of fact and conclusions of law, and the order was affirmed both by the board and the lower court. The order must also be affirmed in this appeal.

Two questions are raised: Whether defendant has met the burden of proof that the claimant no longer suffered a loss of earning power, and, if so, whether there is authority in the Workmen's Compensation Law for suspension of compensation payments on that ground. Since claimant was injured in 1938, his rights are determined by the amendment of June 4, 1937, P. L. 1552. The changes in the Workmen's Compensation Law effected by that act were substantive in character and not procedural merely. *Artac v. Union Collieries Co.,* 149 Pa. Superior Ct. 449, 454, 27 A. 2d 782. The questions in this appeal therefore must be considered in the light of that amendment.

The 1937 amendment, in section 306(b), 77 PS 512, fixed compensation "For disability partial in character . . . [at] sixty-five per centum of the difference between the wages of the injured employe, [when injured] . . . and *the earning power of the employe thereafter . . .*" (Italics supplied). The section further provides: "In cases of partial disability, *the actual earnings of an employe, after the date of injury, may, along with other evidence, be received as evidence of the extent of his earning power . . .*" We have indicated the emphasis which the act has placed upon "earning power" as distinguished from degree of physical disability, as a measure of compensation. At the hearing in this case there was competent medical testimony to the effect that claimant, though with some discomfort, has been able to perform the work of a roadman in the mine. The work of a roadman is hard

labor though not as arduous as that of a timberman performed by claimant prior to his injury. Timbermen and roadmen in defendant's mine are of the same class of workmen and have been paid wages at the same rate. Claimant earned about $6 per day before his injury and, since January 1, 1944 has been receiving $8.21 per day.

In the absence of a statutory provision, as in the amending Act of June 21, 1939, P. L. 520, 77 PS 512, proof that an injured workman earned more after his accident, than before, is not conclusive that his earning power has not been impaired. *Artac v. Union Collieries Co.*, supra. But under the provision of the 1937 act, quoted above, subsequent earnings may be received as evidence of the measure of earning power. In the present case $8.21 per day, received by claimant on his return to work, was the then going daily wage for both timbermen and roadmen and was competent evidence, which with other testimony, was sufficient to support the finding that claimant no longer suffered a loss in earning power. The credibility of the witnesses and the weight of conflicting evidence on this factual question were exclusively for the compensation authorities. *Barton v. Pgh. Coal Co.*, 113 Pa. Superior Ct. 454, 173 A. 678. Since there is competent and substantial evidence in the record sufficient to sustain the findings, they are conclusive and cannot be disturbed on appeal. *Osterritter v. Moore-Flesher Co.*, 150 Pa. Superior Ct. 236, 27 A. 2d 262.

There are cases in which, because of unusual circumstances, we have affirmed judgments for compensation where wages received by the claimant were equal to or in excess of his earnings before his injury, e. g., *Weinstock v. United Cigar Stores Co.*, 137 Pa. Superior Ct. 128, 8 A. 2d 799; *Chubb v. Alleg. Country Club et al.*, 147 Pa. Superior Ct. 146, 24 A. 2d 550; *Johnston v. Butler Rys. Co. et al.*, 149 Pa. Superior Ct. 404, 27 A. 2d 785. In those cases the wages received were not wholly earned. The

decisions have not modified the principle that compensation payments are intended as a substitute for the wages which the employee would have earned if he had not been injured. *Sayre v. Textile Machine Works,* 129 Pa. Superior Ct. 520, 195 A. 786. And the rule has long been established that where a claimant not only receives but *earns* wages equal to those he was receiving when injured, he is not entitled to compensation for partial disability. *Irwin v. Byllesby Eng. & Man. Corp.,* 119 Pa. Superior Ct. 449, 179 A. 780; *Blase v. Phila. & R. C. & I. Co.,* 115 Pa. Superior Ct. 381, 175 A. 883; *Motte v. Carnegie C. Co. et al.,* 114 Pa. Superior Ct. 239, 173 A. 670; *Ludington v. Russell Coal Co.,* 90 Pa. Superior Ct. 318.

These principles, construing the Workmen's Compensation Law, mean nothing unless they can be given effect. In our view it is unimportant that the second paragraph of section 413 of the 1937 act may not be invoked as authority for the present order (*Stanella v. Scranton Coal Co.,* 122 Pa. Superior Ct. 506, 186 A. 211) or that there is no specific provision in the 1937 act for suspension of compensation payments under the circumstances. The controlling consideration in this appeal is the finding of the compensation authorities, upon sufficient testimony, that claimant's residual physical disability from the accident, is not reflected in loss of earning power. To give effect to such finding the 1937 act, by necessary implication, must have intended a suspension of payments during periods when physical disability is not reflected in loss of earning power. The principle is not entirely new. In *Scipani v. Pressed Steel Car Co. et al.,* 150 Pa. Superior Ct. 410, 28 A. 2d 502, we held that the amendment of section 306 (b) in the 1939 amendment by *necessary implication* supplied the ground for suspension of payments during periods when disability of an injured employee was not reflected in loss of wages.

Order affirmed.