## Behanna *v.* Meyers et al., Appellants.

Argued April 15, 1948. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ernest C. Reif,* with him *Daniel S. Newman* and *Dickie, Robinson & McCamey,* for appellants.

*Louis Vaira,* for appellee.

OPINION BY FINE, J., July 23, 1948:

Where an injured employe has on numerous occasions discussed his claim for workmen's compensation with his employer in an effort to secure information to enable him to file a timely report, has been continuously assured by his employer that the report would be filed, has at the request of the insurer signed a statement of the nature and cause of the accident, has complied with insurer's request for a medical examination and has submitted to ten weeks continuous medical treatment, did the board err in holding that the employer and insurer were estopped from asserting the bar of the statutory limitation? Raymond Meyers, employer, and his insurance carrier, appeal from an order of the court below affirming the conclusion of the board that they were estopped to deny the timeliness of the claim petition of Howard J. Behanna, the employe.

The claimant was injured in the course of his employment on August 21, 1942, but did not file his claim petition until May 19, 1944. The board affirmed the referee's dismissal of the petition for the reason that it had not been filed within the statutory period of one year from the date of the accident. The court below, pursuant to § 427 of The Pennsylvania Workmen's Compensation Act of 1939, P. L. 520, as amended, 77 PS §877, remitted the case to the board for further inquiry and more specific findings of facts stating, *inter alia:* ". . . additional

testimony should be taken to disclose the circumstances of the examination of the claimant by Dr. Linn, the physician of the insurance carrier, in the early part of February, 1943, and to bring to light the conduct of the insurance carrier subsequent thereto." The employer appealed. In *Behanna v. Meyers,* 158 Pa. Superior Ct. 208, 44 A. 2d 600, this Court held the order to be interlocutory and dismissed the appeal.

C. A. Dunn, agent of the insurer, was the only witness called at the second hearing. The referee again dismissed claimant's petition. The board, however, concluded that: "The conduct of the defendant insurance carrier is such that it is estopped from asserting that the claim petition was not filed within the statutory period." The court below concluded that "The testimony clearly shows that the claimant made every effort to have a report filed with the carrier" and dismissed the appeal of the employer. This appeal followed.

The scope of appellate review is limited to determining whether the acts and conduct of appellants are sufficient, as a matter of law, to estop them from invoking the statute of limitations as contained in §315 of the Workmen's Compensation Act (77 PS §602). *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 395, 43 A. 2d 616; *Howard v. McClane,* 146 Pa. Superior Ct. 212, 216, 22 A. 2d 225; *Meyers v. Lehigh Valley Transportation Co.,* 138 Pa. Superior Ct. 569, 573, 10 A. 2d 879. The facts are so clearly recited and the law so ably enunciated by President Judge BALDRIDGE in *Behanna v. Meyers,* supra, that there is no need to add to them nor to review the authorities there cited. Considering the record now presented there is ample evidence to support the conclusion that claimant's failure to file his claim petition within the one year period was brought about by misleading conduct of appellants such as tolled the statute and now estops them from invoking its provisions.

Claimant on various occasions discussed his claim with his employer that a proper report would be timely filed with the carrier and was met with the reply that the employer "was too busy" but that "he would file the necessary report." In February of 1943, claimant was interviewed by Mr. Dunn, agent for the insurer and signed a statement pertaining to the injuries. He was requested to be examined by a Dr. Linn, employed by the insurer, and after a medical examination by Dr. Linn reported to the insurer. On April 26, 1943, claimant entered the Eye and Ear Hospital in Pittsburgh where he was treated for a period of ten weeks. In September, 1943, claimant again called on the insurer at which time he was advised that his claim was barred because not filed within the statutory period of one year.

The principles enunciated in *Meyers v. Lehigh Valley Transportation Company*, 138 Pa. Superior Ct. 569, 10 A. 2d 879, are applicable here. In the *Meyers* case, the Court, through Judge RHODES, now President Judge, said: "If claimant was deceived or misled in connection with filing his claim petition by defendant and its insurance carrier, who are now seeking to take advantage of the limitation, we think that the running of the statute would be tolled. Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38, 48, 1 A. 2d 839. The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentionally or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident. Demmel v. Dilworth Co. et al., 136 Pa. Superior Ct. 37, 39, 7 A. 2d 50." This Court in *Horton v. West Penn Power Company*, 119 Pa. Superior Ct. 465, 180 A. 56, said, p. 473: "Proceedings under our compensation statute are not litigation in the ordinary sense of that word; it is neither required nor contemplated

that claimants shall, in all cases, be represented by private counsel. . . . It does not follow, however, that the running of this statute of limitation may not be tolled by the declarations and conduct of the parties invoking its protection."

It cannot be said that the board erred in holding that the conduct of the employer and his carrier during the one year subsequent to the accident, estops them from now asserting the bar of the statutory limitation. The court below aptly observed: "There is no doubt in our mind that the claimant was lulled into a sense of security which led him to postpone filing of his claim petition."'

Order affirmed.