## Koza *v.* United States Steel Corporation, Appellant.

Argued April 13, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Buell B. Whitchill,* with him *Whitehill and Tanner,* for appellant.

*David E. Cohen,* with him *Irwin M. Ringold,* for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

Claimant was employed by defendant as a timberman. On July 21, 1953, he claims, while lifting a fourteen foot timber his foot slipped injuring his back and heart. On May 24, 1954, he filed a claim petition for workmen's compensation. On June 1, 1954, defendant filed an answer and the case came up for hearing before the referee, who awarded compensation for total disability from July 21, 1953. The Board and the Court of Common Pleas affirmed the decision of the referee.

This appeal is before this Court to determine whether there is competent evidence in the record to sustain the finding that claimant sustained injuries, as a result of the accident.

Claimant contends that there is sufficient evidence to sustain the award of the compensation authorities. There is no question that claimant is totally disabled but the defendant's theory is that this disability is caused by a heart condition.

Judge RHODES (now President Judge) in *Golinski v. Odin Stove Mfg. Co.,* 159 Pa. Superior Ct. 457, 48 A. 2d 95, held that it is not within the province of the Court of Common Pleas to reverse the Board and substitute its own finding for that of the Board. Matters for the consideration of the court are confined to questions of law and, of course, include a determination of whether there is competent and substantial evidence in the record to justify the findings.

Our Supreme Court in *Johnston v. Payne-Yost Company,* 292 Pa. 509, 141 A. 481, gave us the following rule: "In cases arising under the Workmen's Compensation Act, the revisory powers of the appellate courts

are limited to such consideration of the testimony as will enable the reviewing tribunal to ascertain whether the record contains competent evidence to support the findings of the compensation authorities, and whether, on such findings, the law has been properly applied."

Dr. Robert J. Peters, who treated claimant, made a diagnosis of the spine and testified that claimant complained of and was treated for his back when he was first seen.

Dr. Irwin M. Pochapin, who examined claimant December 20, 1954, and again on October 12, 1956, testified that the accident which occurred on July 21, 1953, was directly responsible for claimant's total and permanent disability.

The claimant testified that on July 21, 1953, while working as a timberman, he stooped to pick up a fourteen foot timber approximately eighteen inches in circumference and that, while lifting the same by himself and trying to put a block under it with his right foot, his left foot slipped, causing him to fall on the ground and to hurt his lower back. He was taken to the first aid room and from there was sent to the company doctor who recommended immediate hospitalization. He was confined in the Uniontown Hospital for a period of three weeks and, upon his discharge was examined by Doctors Garafola, Heberling, McGee and Pochapin. Claimant has not returned to work since the accident. Because of the back injury he is compelled to wear a brace. Dr. Irwin M. Pochapin testified that claimant is permanently and totally disabled as a result of the accident.

The defendant denies that any accident was sustained and contends that claimant fainted by reason of an acute heart failure.

The company called Mr. Stith, Walter Zawilinski and Louis Orselene on the issue of whether an accident

had occurred. Orselene testified that claimant told him after the accident that he did not know what happened and that he got dizzy and fell over. Zawilinski testified that claimant told him that he was ready to start sawing a notch of timber, felt dizzy, and fell forword to the mine floor and that he complained of pains in the chest.

There is competent evidence to sustain the findings that claimant is totally disabled as a result of the injuries he received on July 21, 1953.

Neither a review of his symptoms and signs, nor the study of the electrocardiogram reveals any indication that the claimant fell on July 21, 1953, as a result of any heart attack.

Dr. Peters testified, inter alia, as follows:

"Q. As a matter of fact then, Doctor, he complained about his back from the first time that you saw him in your office until he had left the hospital, is that correct? A. He had multiple complaints about his back." The hospital record revealed that claimant, on July 26, 1953, July 30, 1953, July 31, 1953 and August 6, 1953, was treated for his back injury.

Claimant's medical expert shows that while claimant may have a heart condition, he is permanently and totally disabled solely as a result of the injury. His recovery from this alleged heart condition is evidenced by his return to work after an examination by the defendant's medical examiner, Dr. Conn. Claimant's ability to do this kind of work from 1951 until July 21, 1953, supports Dr. Pochapin's opinion that Koza's disability was caused by the accident.

Where there is conflicting testimony, it is for the Board to resolve the conflict. *Felten v. Mellott,* 165 Pa. Superior Ct. 229, 67 A. 2d 727; *Kramer v. Susquehanna Collieries Co.,* 148 Pa. Superior Ct. 467, 25 A. 2d 607; *Malik v. Uniontown,* 172 Pa. Superior Ct. 562,

94 A. 2d 151; *Allen v. Patterson-Emerson-Comstock,* 186 Pa. Superior Ct. 498, 142 A. 2d 437.

The same rule applies to the Board's findings with respect to the issue whether there was an accident. *Walden v. Williams Bros. Corp.,* 167 Pa. Superior Ct. 289, 74 A. 2d 762.

A review of the testimony supports the Board's finding that an accident occurred and that as a result of the accident claimant was totally and permanently injured. We must again reiterate that it is the function of the Board and not of the court to determine what evidence is to be accepted as credible. It is the Board's province to accept or reject conflicting testimony and the credibility of the witnesses is not reviewable by the Court. The Board believed claimant's testimony and his version as to how the accident happened. The testimony of the defendant's witnesses did not convince the Board.

Judgment is affirmed.