## Thorn *v.* Strawbridge & Clothier et al., Appellants.

Argued September 21, 1959. Before RHODES, P. J.,
HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.
(GUNTHER, J., absent).

Order entered dismissing appeal, opinion by ALEX-
ANDER, J. Defendants appealed.

*Frank R. Ambler,* for appellants.

*William F. Quinlan,* for appellee.

OPINION BY WOODSIDE, J., November 11, 1959:

The claimant in this Workmen's Compensation case
was injured in a compensable accident on March 9,
1951, and filed no claim petition until June 9, 1953.
The question is whether his petition should be dis-
missed for having been tardily filed.

While employed as a carpenter for Strawbridge &
Clothier, in Philadelphia, the claimant was unloading
fixtures from an elevator when its door closed, strik-
ing him across the shoulder and elbow. He obtained
immediate medical attention, and lost three days em-

ployment. When he returned to work, he was suffering continuous pain, and he could not raise his arm or close his fingers. His physical condition did not improve, but he continued his employment until July 9, 1952. By that time his physical condition had deteriorated to the place where he required hospital treatment. Since then he has been totally disabled. Most of his medical bills were paid, but he received no workmen's compensation payments. He filed a claim petition on June 9, 1953.

The referee found in his favor and awarded compensation. Upon appeal to the board, the case was remanded to the referee to make findings on whether the claimant was barred for tardy filing of his claim. After taking additional evidence, the referee found that the claimant "was lulled into a sense of security that his claim would be taken care of and for that reason did not file the claim petition within the statutory period," and again awarded compensation. Upon appeal to the board, it affirmed the referee's findings, conclusions and award. The court below affirmed the board.

Section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §602, when applicable to this case, provided:[1] "In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article; or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof."

The legislature made the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and in-

---

[1] It was again amended in 1956 when the time of filing claims was extended from 1 year to 16 months. See Act of February 28, 1956, P. L. (1955) 1120.

tended that the failure so to do should operate as an absolute bar of the right. *Ratto v. Pennsylvania Coal Co.*, 102 Pa. Superior Ct. 242, 247, 156 A. 749 (1931) ; *Lewis v. Carnegie-Ill. Steel Corp.*, 159 Pa. Superior Ct. 226, 229, 48 A. 2d 120 (1946).

The courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances. *Lewis v. Carnegie-Ill. Steel Corp.*, supra; *Mackanitz v. Pittsburgh & West Va. Rwy. Co.*, 157 Pa. Superior Ct. 359, 364, 43 A. 2d 586 (1945).

However, the courts can permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown, which in this connection includes an unintentional deception. The evidence to support such a claim must be clear and precise, more than of doubtful weight. *Rowles v. State Workmen's Ins. Fund*, 141 Pa. Superior Ct. 193, 200, 14 A. 2d 551 (1940). If a person is deceived, even unintentionally, as to his rights by one who has authority to act in the premises, courts will not ordinarily permit such deception to work an injury to the innocent party. *Guy v. Stoecklin Baking Co.*, 133 Pa. Superior Ct. 38, 47, 1 A. 2d 839 (1938).

The credibility of the witnesses and the weight of conflicting evidence on factual questions are exclusively for the compensation authorities. *Kelemon v. Reiber*, 161 Pa. Superior Ct. 169, 172, 53 A. 2d 903 (1947) ; *Koza v. U. S. Steel Corp.*, 190 Pa. Superior Ct. 70, 151 A. 2d 823 (1959) ; *Tanner v. U. S. Steel Corp.*, 176 Pa. Superior Ct. 420, 107 A. 2d 692 (1954). If there is competent and substantial evidence in the record to sustain the findings of the board, they are conclusive and cannot be disturbed by the courts. *Kelemon v. Reiber*, supra; *Osterritter v. Moore-Flesher Co.*, 150 Pa. Superior Ct. 236, 239, 27 A. 2d 262 (1942).

In this case, the evidence must be examined in the light of the requirement that it be clear and precise. *Rowles v. State Workmen's Ins. Fund,* supra.

The claimant here testified that within a few days after the accident he asked Mr. Simon, personnel manager of his corporate employer, whether his accident "is going to be registered for compensation—whether it will be filed for the injury," and was told "everything will be taken care of; not to worry about it."

On several occasions he talked to Francis R. Strawbridge, Jr., vice president of his corporate employer. He testified that Mr. Strawbridge, and several other store officials, told him that "the store would take care of everything." The store officials admitted numerous conversations with the claimant, but denied any promises to "take care" of his claim.

The claimant further testified that in December 1951, Mr. Gallagher, claims adjuster for the insurance carrier, took a statement of his injuries and told him his accident was "reported to Harrisburg, and it is up to the referee." He also testified that while his arm was in a cast Gallagher told him, "Your case is filed. We will do anything the referee says." His arm was in a cast in July, August, and September of 1952. Gallagher, the insurance adjuster, was present at the hearings but did not testify.

These undenied statements of the adjuster, especially when the claimant's testimony concerning the conversations with the store officials is added to them, were sufficient for the compensation authorities to find that the claimant was lulled into a false sense of security. To say that the claim was "in Harrisburg" and "up to the referee" and later that "Your case is filed. We will do anything the referee says," would be likely to lead one not learned in the law to believe that his claim was filed and would in due course come

before the referee without the necessity of any further action on his part.

The record indicates that the claimant made so many inquiries of store officials and the insurance adjuster concerning the compensation due him that his persistency annoyed or, at least, impressed them. The last time he saw the adjuster, "he practically ordered me out," the claimant said, and Mr. Strawbridge said, "he visited me several times and every time I referred him to Mr. Copeland," and another employe said, "I was a good listener."

The insurance adjuster made his first quoted statement to the claimant before the statutory period of one year had expired, and his second statement within a year of that time and within a year of the filing of the claim. See *Mucha v. Bayard & Co., Inc.*, 177 Pa. Superior Ct. 138, 108 A. 2d 925 (1954).

After missing three days of work immediately after the accident, the claimant continued to be employed at the same salary until July 9, 1952. The evidence establishes that subsequent to the accident he was unable to perform the same duties as before and had to do much of the carpentry work with one hand and arm. Under these circumstances a compensable disability may exist regardless of the payment to an employe of his full salary. *Strickland v. Baugh & Sons Co.*, 139 Pa. Superior Ct. 273, 280, 11 A. 2d 547 (1940); *Weinstock v. United Cigar Stores Co.*, 137 Pa. Superior Ct. 128, 8 A. 2d 799 (1939); *Scipani v. Pressed Steel Car Co.*, 150 Pa. Superior Ct. 410, 28 A. 2d 502 (1942).

During cross-examination, counsel for the insurance carrier suggested to the claimant that he was working and receiving full wages, and then asked him why he wanted to file a workmen's compensation claim. The claimant replied, "I was worried about the doctor

bills; so that I didn't have to pay the doctor's bills; that's all." It appears from the record that the claimant was entitled to compensation. The mere fact that he did not know or understand the extent of his rights does not compel the conclusion that the remarks by the adjuster and store officials were not responsible for his failure to file within the statutory period his claim for the compensation to which he would have been entitled.

The claimant received $20 per week after he left his employment, and he contends that these payments should be regarded as payments of compensation within the meaning of section 315, supra, of the Workmen's Compensation Act, citing *Somerton v. The Bell Telephone Co. of Pa.,* 111 Pa. Superior Ct. 264, 169 A. 579 (1933). In that case payments were made to the claimant from an organization created by the employer for the payment of disability and death benefits and pensions, in an amount approximately the same as the compensation payments prescribed by law. All the expenditures from the association, as well as the costs of administration in that case, were charged to the operating expenses of the employer company. This Court there held the payments should be regarded as payments of compensation within the meaning of section 315, supra. Here the evidence is clear that the payments were made by an employes' beneficial association to which the claimant had paid dues. Under these circumstances the payments cannot be considered as workmen's compensation payments which would have extended the time for filing the claim. This, of course, does not affect the finding of the compensation authorities that the claimant was lulled into a sense of security by the statements of the insurance adjuster and store officials.

Judgment affirmed.