Fulton, Appellant, *v.* Philadelphia Rustproof Co.

Argued March 21, 1963. Before RHODES, P. J.; ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

reargument refused May 8, 1963.

*Jerrold V. Moss*, with him *Jerome H. Ellis*, for appellant.

*Frederick W. Anton, III*, with him *Paul H. Ferguson*, for appellees.

OPINION BY ERVIN, J., April 18, 1963:

In this workmen's compensation case the claimant met with an accident on August 23, 1957 but did not file a petition for workmen's compensation until February 17, 1959, seventeen months and twenty-five days after the accident. The referee, after the first hearing, disallowed the claim because it was not filed within the sixteen-month period. The board sustained an appeal from the referee's decision and remanded the matter to the referee for further hearing on the merits. The referee then filed an adjudication awarding com-

pensation to the claimant. The defendant then appealed to the board. The board sustained the referee's findings and made an award to the claimant. On appeal the court below reversed the board and disallowed the claim.

The sole question at issue is whether there was adequate, competent evidence to support the finding of the board that defendant, by the conduct of its representatives, was estopped from asserting the limitations set forth in §315 of the act. Section 315 of The Pennsylvania Workmen's Compensation Act, as amended, 77 PS §602, provides as follows: "In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in article four hereof."

The courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances: *Lewis v. Carnegie-Ill. Steel Corp.*, 159 Pa. Superior Ct. 226, 229, 48 A. 2d 120; *Mackanitz v. Pittsburgh & West Va. Rwy. Co.*, 157 Pa. Superior Ct. 359, 364, 43 A. 2d 586.

However, the courts will permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown, which in this connection includes an unintentional deception. The evidence to support such a claim must be clear and precise, more than of doubtful weight: *Rowles v. State Workmen's Ins. Fund*, 141 Pa. Superior Ct. 193, 200, 14 A. 2d 551; *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 62, 155 A. 2d 414. Of course the credibility of the witnesses and the weight of conflicting evidence on factual questions are exclusively for the board: *Thorn v. Strawbridge & Clothier*, supra, at page 62.

In the present case there is little, if any, conflict as to the evidence. In our opinion, the evidence presented by the claimant does not rise to the standard required. He did not prove by evidence which was clear and persuasive and of more than doubtful weight that he was prevented from filing his petition within the proper time by the defendant's conduct. He was injured on August 23, 1957. He was advised by the insurance company doctor, Dr. Spangler, that the insurance company would not voluntarily accept his case. The doctor discharged the claimant on September 12, 1957. The claimant himself testified as follows: "When he discharged me—it was when he discharged me he told me I didn't have no compensation case. . . ." On September 3, 1957 the insurance carrier of the defendant wrote a letter stating that the claim was not compensable. Mr. Ellis, personnel director of the defendant-employer, read to the claimant the letter received from the insurance company stating that the company was denying liability on his claim. The claimant himself testified that all Mr. Ellis said was "if anything comes up about workmen's compensation I will be too glad to help you out, if anything comes up. Whether anything is coming up I don't know." This was not a statement that he would prosecute the claim for the appellant. Mr. Ellis also refused to sign and give to the claimant a layoff slip, which the claimant thought would enable him to get workmen's compensation. The claimant testified to this as follows: "Q. Did you say anything to him about filing a claim for workmen's compensation? A. Yes, I did. Q. What did you say? A. I asked him if he would sign, if he would get me a slip, a layoff slip to get workmen's compensation and he said he didn't think it was a workmen's compensation case."

A review of the cases in which the defendant has been estopped to avail itself of the limitations provi-

sion of §315 reveals that the statements relied on must reasonably lull the claimant into a sense of false security. In *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior Ct. 38, 44, 1 A. 2d 839, the employer assured the employe that compensation would be paid to him without institution of legal proceedings before the compensation authorities and the employe was lulled "into the belief that it was unnecessary for him to file a petition." In *Thorn v. Strawbridge & Clothier,* supra, the claimant was told that his accident was going to be registered for compensation and he was further told that "everything will be taken care of; not to worry about it." In *Demmel v. Dilworth Co.,* 136 Pa. Superior Ct. 37, 7 A. 2d 50, the insurance carrier or employer prepared a petition, had the claimant file it and the petition was only effective to present a claim for a prior accident unconnected with the accident for which the claimant had a valid claim.

In the present case the employer did nothing to make the claimant believe that his claim would be paid or taken care of. On the contrary, the only credible evidence in the case indicates that the claimant was informed from the very beginning that his claim was not compensable and that it would not be paid. We are, therefore, of the opinion that there was not competent and substantial evidence in this record to sustain the findings of the board and that the action of the court below in reversing the Workmen's Compensation Board should be affirmed.

Order affirmed.