## Herringshaw v. Travelers Aid Society et al., Appellants.

Argued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellants.

*Albert R. Subers,* for appellee.

OPINION BY WATKINS, J., September 16, 1965:

This is an appeal in a workmen's compensation case by the appellants, Travelers Aid Society and National Union Fire Insurance Co., its insurance carrier, from an order of the Court of Common Pleas No. 5 of Philadelphia County affirming the decision of the Workmen's Compensation Board that determined that the claim of Joanne Herringshaw, the claimant-appellee, was not barred by the statute of limitations.

The claimant filed a petition January 25, 1963 which alleged that she had been injured July 13, 1961 when her chair in which she was seated broke apart, dropping her to the floor, causing a herniated intervertebral disc and other injuries. She had been employed as a case worker for the appellants. The appellants raised the question of the statute of limitations and it was stipulated by counsel at the hearing before the referee that medical testimony would be reserved so that the sole question to be decided was whether the claim was barred by §315 of the Workmen's Compensation Act, 77 PS §1415, which requires that the claimant must file her petition within sixteen months after compensable disability begins.

The referee found as a fact: That the claimant was lulled into a false sense of security by assurances from the defendant or its representative that a claim petition had been filed in the claimant's behalf by the

employer shortly after the accident; that the claimant relying on that assurance failed to file a claim within sixteen months of the date of the accident; and concluded as a matter of law, "that since the claimant was lulled into a sense of security . . . the defendant is estopped from raising the defense of the bar of the statute . . ."

The board affirmed the referee holding that the claimant had sustained her burden of proof that the appellant had misled her and lulled her into a false sense of security resulting in the untimely filing of her claim.

In *Thorn v. Strawbridge & Clothier,* 191 Pa. Superior Ct. 59, 155 A. 2d 414 (1959), at page 62, this Court stated the law to be that:

"The courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances. (Citing cases)

"However, the courts can permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown, which in this connection includes an unintentional deception. The evidence to support such a claim must be clear and precise, more than of doubtful weight. Rowles v. State Workmen's Ins. Fund, 141 Pa. Superior Ct. 193, 200, 14 A. 2d 551 (1940). If a person is deceived, even unintentionally, as to his rights by one who has authority to act in the premises, courts will not ordinarily permit such deception to work an injury to the innocent party. Guy v. Stoecklin Baking Co., 133 Pa. Superior Ct. 38, 47, 1 A. 2d 839 (1938).

"The credibility of the witnesses and the weight of conflicting evidence on factual questions are exclusively for the compensation authorities. (citing cases) If there is competent and substantial evidence in the record to sustain the findings of the board, they are conclusive and cannot be disturbed by the courts. (Cit-

ing cases)". See also: *Fulton v. Philadelphia Rust-proof Co.*, 200 Pa. Superior Ct. 467, 190 A. 2d 459 (1963).

The claimant's testimony in support of her position was to the effect that Mrs. Kerner, her employer, told her that a "claim report" had been filed and that "I would receive workmen's compensation for the time that I would be unemployable"; that she was supplied with a pamphlet by the workmen's compensation office which stated, "if your employer will not accept your claim or enter into an agreement . . . then you should file a petition"; she understood from Mrs. Kerner's statement that her claim was accepted and also that she had been advised that her bills for hospitalization had been paid by the appellant; that she was contacted on several occasions by investigators of the insurance company to whom she gave statements and who directed her to submit her bills to the insurance company.

This testimony was clear and concise and supported the findings of the board that the appellants did unintentionally deceive the claimant so that she delayed the filing of her claim beyond the statutory period and the law was properly applied to permit its late filing.

Order affirmed.