Iwaskewycz *v.* United States Steel Corporation.

Argued November 2, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

212

*James D. Strader,* for appellant.

*John F. Will, Jr.,* for appellee.

OPINION BY JUDGE BLATT, December 19, 1972:

This appeal involves a claim made by Michael Iwaskewycz (claimant) pursuant to the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1, et seq., for injuries allegedly suffered while employed by the United States Steel Corporation (employer).

The injury in question occurred on June 29, 1965, when the claimant was allegedly struck on his head by a reamer during the course of his employment. He executed a Workmen's Compensation claim petition on September 21, 1966, but the petition was not filed with the Department of Labor and Industry until November 7, 1966, sixteen months and nine days after the date of the alleged injury, during which time the claimant contends that he was told by the employer's safetyman "not to worry" and that he would be "taken care of." The matter was heard by a Referee, who dismissed the petition because it had not been filed within the sixteen-month limit of the Statute of Limitations established by §315 of the Workmen's Compensation

Act, as amended, 77 P.S. §602.[1] On appeal, however, the Workmen's Compensation Board (Board) held that the employer was estopped from asserting the Statute of Limitations because the employer's representative had lulled the claimant into a false sense of security. The Court of Common Pleas of Beaver County affirmed this decision.

The law pertaining to the time within which a claim petition must be filed has been stated in *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 61-62, 155 A. 2d 414, 416 (1959), as follows:

"'The legislature made the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and intended that the failure so to do should operate as an absolute bar of the right. Ratto v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242, 247, 156 A. 749 (1931); Lewis v. Carnegie-Ill. Steel Corp., 159 Pa. Superior Ct. 226, 229, 48 A. 2d 120 (1946).

"The courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances. Lewis v. Carnegie-Ill. Steel Corp., supra; Mackanitz v. Pittsburgh & West Va. Rwy. Co., 157 Pa. Superior Ct. 359, 364, 43 A. 2d 586 (1945).

"However, the courts can permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown, which in this connection includes an *unintentional deception*. The evidence to support such a claim must be clear and precise, more than of doubtful weight. Rowles v. State Workmen's Ins. Fund,

---

[1] "In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in article four hereof. . . ."

141 Pa. Superior Ct. 193, 200, 14 A. 2d 551 (1940). *If a person is deceived, even unintentionally, as to his rights by one who has authority to act in the premises, courts will not ordinarily permit such deception to work an injury to the innocent party.* Guy v. Stoecklein Baking Co., 133 Pa. Superior Ct. 38, 47, 1 A. 2d 839 (1938).

"The credibility of the witnesses and the weight of conflicting evidence on factual questions are exclusively for the compensation authorities. Kelemon v. Reiber, 161 Pa. Superior Ct. 169, 172, 53 A. 2d 903 (1947); Koza v. U. S. Steel Corp., 190 Pa. Superior Ct. 70, 151 A. 2d 823 (1959); Tanner v. U. S. Steel Corp., 176 Pa. Superior Ct. 420, 107 A. 2d 692 (1954). If there is competent and substantial evidence in the record to sustain the findings of the board, they are conclusive and cannot be disturbed by the courts. Kelemon v. Reiber, supra; Osterritter v. Moore-Flesher Hauling Co., 150 Pa. Superior Ct. 236, 239, 27 A. 2d 262 (1942)." (Emphasis added.) Additionally, *see Angermier v. Hubley Manufacturing Co.*, 206 Pa. Superior Ct. 422, 213 A. 2d 171 (1965); *Blackburn v. Pennsylvania Turnpike Commission*, 206 Pa. Superior Ct. 222, 213 A. 2d 159 (1965); *Herringshaw v. Travelers Aid Society*, 206 Pa. Superior Ct. 219, 212 A. 2d 914 (1965); *Behanna v. Meyers*, 163 Pa. Superior Ct. 200, 60 A. 2d 608 (1948); *Demmel v. Dilworth Co.*, 136 Pa. Superior Ct. 37, 7 A. 2d 50 (1939).

The claimant in this case is an immigrant from Czechoslovakia with a far from perfect grasp of the English language. His uncontradicted testimony was that, following the accident, he had five or six meetings with the employer's safetyman, a Mr. Stuart, the last such meeting having occurred in September, 1966. The testimony as to what occurred at this last meeting was as follows: "Q. Did you ask him any question at that time? A. I ask him about my bills and my workmen's

compensation, how I was supposed to live? Q. What did he say to you? A. So he said, they're going to take care of it, don't worry about it, he'd take care of it. Q. Did he ever tell you this before? A. He told me everytime I went up there, he always told me that. Q. Did you believe that this would be so? A. I did believe it. Q. Did you rely on this? A. I believed it but I not get nothing." During September, 1966, the claimant finally consulted his union about his compensation and an appointment was made for him to see an attorney. The attorney drew up a claim petition and it was executed by the claimant on September 21, 1966, which was within the sixteen-month limitation period. For some unexplained reason, however, the petition was not filed until November 7, 1966, nine days after the end of the limitation period.

It appears to us that the Board had sufficient competent evidence on which to base its finding that the claimant actually *was* lulled into a false sense of security by the unintentional deceptions of Mr. Stuart, thus estopping the employer here from raising the Statute of Limitations.

While it is true that the claimant did finally seek the aid of a lawyer over a month before the end of the sixteen-month limitation period, such an action does not of itself cancel out the effect of the employer's previous unintentional deception and restore the original filing deadline. It has been held on this subject that: "The legislature thought that one year [the then period of limitation] was a reasonable time within which to bring such actions and under the circumstances we think that that same limitation should be applied to run from the date of the conversation between the claimant and the officer of the defendant company." *Guy v. Stoecklein Baking Co.*, 133 Pa. Superior Ct. 38, 50, 1 A. 2d 839, 844 (1938). "The declarations or conduct of the employer amounting to an

estoppel do not give the claimant an indefinite time within which he must thereafter file his claim petition, but, on the contrary, the claimant must file his petition within one year from the time of the declarations or conduct relied upon." *Mucha v. M. L. Bayard & Company, Inc.,* 177 Pa. Superior Ct. 138, 140, 108 A. 2d 925, 927 (1954).

In this particular case, there is no need for us to determine whether the claimant would have had an additional sixteen months from the date of his last meeting with Mr. Stuart in which to file his claim petition, or some reasonable time less than that. On the facts here, it is apparent that, having lulled the claimant into a false sense of security for over fourteen months, the employer must at least be estopped from pleading the §315 limitation merely because the claimant was nine days late in filing his claim petition.

For these reasons we affirm the decision of the court below and remand the case to the Board for further proceedings.