Jones, Appellant, v. Philadelphia & Reading Coal & Iron Co. et al.

Argued December 6, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*Roger J. Dever,* for appellant.

*S. H. Torchia,* with him *Ralph H. Behney* and *James H. Duff,* Attorney General, for appellee, Commonwealth.

*E. Mac Troutman* and *Penrose Hertzler,* for appellee, Phila. & Reading Coal & Iron Co.

OPINION BY HIRT, J., March 3, 1944:

On March 2, 1939 John Jones was injured by an explosion of dynamite in the course of his employment in a mine operated by defendant company. The injuries to his eyes, ears, face, hands and chest were serious. Following the accident a compensation agreement was entered into for total disability. Later, after hearing, the agreement was modified to a specific award for the

loss of hearing in both ears and for disfigurement. Payments under the award continued to January 16, 1940, when the injured employee died. All of the compensation paid before his death was for disability from the accident of March 2, 1939; no compensation was claimed by him on any other ground. Within a month after death, claimant, his widow, for herself and on behalf of a dependent child, filed her claim for compensation alleging that her husband died from "powder wounds and hemorrhages" caused by the accident.

At the hearing before the referee it was established that the immediate cause of death was pulmonary hemorrhage with tuberculosis as a contributing factor. The referee so found, and further that: "Decedent was afflicted with an anthraco-silicotic condition of long standing, together with tuberculosis and cavitation, occupational in character." On the above findings, the referee by order of June 19, 1940 refused an award on the ground that the employee's death was neither "caused nor contributed to by his accidental injuries." On appeal, the board concluded that in the conflict of medical testimony the preponderance of evidence supported the order. The board however was impressed by the opinions of examining physicians, who found evidence of advanced anthraco-silicosis in December 1939, and, suggesting that a claim be filed for compensation for death from that occupational disease, the board remanded the record on January 16, 1941 "for amendment of the petition if deemed necessary and for further hearing in keeping with the purport of this opinion." Claimant did not file her claim for death from occupational disease until two months later. The first notice the Commonwealth had of the claim was in March 1941, about fourteen months after the date of death.

There is no dispute that decedent had been exposed to a silica hazard during continuous employment of more than five years and in the proceeding on the present

petition the referee upon sufficient evidence found anthraco-silicosis as the cause of death; an award was made in favor of claimant which was affirmed by the board. Defendant employer did not appeal, but on the appeal of the Commonwealth, the lower court reversed the board and entered judgment for defendants on the ground that the claim came too late.

The Occupational Disease Act of June 21, 1939, P. L. 566, supplying a complete code, repealed the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, a supplement to the Workmen's Compensation Act of 1915, as amended. The repealing act became effective October 1, 1939. There is no proof or inference that decedent within the period of seven months following the accident, and prior to that date, became totally disabled from anthraco-silicosis. Cf. *McIntyre v. Lavino & Co. et al.*, 344 Pa. 163, 25 A. 2d 163. On the contrary the testimony indicates that the disease progressed to a totally disabling stage after October 1, 1939. It therefore appears that claimant's substantive rights as well as the procedure for the enforcement of them are controlled by the 1939 act. Section 315 of that act, 77 PS 1415, provides: "In cases of death all claims for compensation shall be forever barred, unless, within *one* year after the death ...... one of the parties shall have filed a petition as provided in article four hereof." (Italics added). Since claimant's petition was filed more than one year after death she is forever barred.

From the medical testimony on claimant's first petition and from the order of the referee, claimant had knowledge that her husband had suffered from anthraco-silicosis of long standing and in an advanced stage. The information which she had about five months after her husband died indicated a causal connection between the occupational disease and his death. She had a period of almost seven months thereafter, within the

statutory limitation, to file her claim; the time cannot be extended nunc pro tunc, as a matter of indulgence or because of a mere hardship shown. *Rowles v. State Wkm's Ins. Fund,* 141 Pa. Superior Ct. 193, 14 A. 2d 551; *Focht v. General Baking Co.,* 137 Pa. Superior Ct. 318, 9 A. 2d 185.

Appellant seeks to avoid the bar of the statute on the ground that her petition was but an amendment to her first petition, filed within the statutory period. The record of the proceedings before the referee, after the claim was remanded by the board, contains the following: "Disposition. By agreement of counsel for both sides [i. e. of claimant and defendant employer only] this [first] claim petition was withdrawn ...... and an amended claim petition ...... for occupational disease filed in lieu thereof on March 18, 1941." Although referred to as "an amended claim petition" and endorsed "amending claim petition", in fact it was not; it was a new proceeding upon a new cause of action for obviously evidence of death from occupational disease is different from the proof necessary to support a claim for death from accident. See *Frankel v. Donehoo,* 306 Pa. 52, 158 A. 570. Moreover the Commonwealth was a necessary party in the present proceeding and was not brought on the record as a defendant until March 1941. It is well settled that a new party to the action cannot be brought into the record by amendment after the statutory period has run. *Wernick v. Pitts. Und. Agency,* 90 Pa. Superior Ct. 186; *Bahas v. Wilczek,* 324 Pa. 212, 188 A. 139.

As to the remaining question, there can be no doubt that the Commonwealth had the right of appeal from the action of the board. By §308 of the 1939 act the Commonwealth is made liable for the payment of specified percentages of the compensation allowed; in the present case the Commonwealth was directed to pay 8/10 of the award. The status of the Commonwealth

in effect was that of a co-defendant in the action. Section 427 of the act provides: "Any party may appeal from any action of the board ...... to the court of common pleas ......" The same section gives a similar right of appeal to this court. In general, every party in interest, affected by a judgment or an award, has the right of appeal. We have recognized the Commonwealth's right, under occupational disease compensation acts, in *Staller v. Staller,* 144 Pa. Superior Ct. 83, 18 A. 2d 537; affirmed in 343 Pa. 86, 21 A. 2d 16.

Judgment affirmed.