## Ready v. Miners Journal Newspaper Co. et al.

456

*B. D. Troutman* and *Maynard Stapleton,* for claimant.

*Harvey B. Lutz,* for employer and insurance carrier.
*O. A. Wisansky,* for Commonwealth.

DALTON, J., March 27, 1944.—On May 26, 1939, claimant and his employer, by the latter's insurance carrier, entered into a compensation agreement for total disability. The agreement described an accident and resulting injury as follows: "Bumped right lower leg; lead poisoning developed." The date of the accident was set forth as April 25, 1939, and the date disability began as April 27, 1939. Compensation was paid under the agreement until January 29, 1941. On February 11, 1941, the employer's insurance carrier filed a petition for termination. At a hearing before the referee on December 15, 1941, counsel for claimant and counsel for the employer's insurance carrier agreed for the record that the compensation agreement "was entered into under a mistake of fact"; that "claimant was exposed to a direct contact with lead from May 1924, until April 25, 1939, when he suffered total disability from lead poisoning"; and that the petition to terminate "be modified in the following particular, to wit, that the disability of the claimant is the result of lead poisoning under the Occupational Disease Com-

pensation Act of July 2, 1937, P. L. 2714, and that the disability with which claimant is now suffering was and is the result of an occupational disease, namely, lead poisoning, and that he was and still is totally disabled as a result thereof". The referee allowed the amendment on condition that notice be given to the Commonwealth. On January 12, 1942, counsel for the Commonwealth appeared before the referee and objected to the Commonwealth's being bound by the stipulation of facts and, further, that any claim against the Commonwealth was barred by the statutory period of limitation. Without taking further testimony, the referee made an award against the employer, its insurance carrier, and the Commonwealth on January 28, 1942, and an amended award against the same parties on March 5, 1942.

On May 4, 1942, the Commonwealth appealed to the Workmen's Compensation Board. Claimant then filed a petition to quash the appeal on the ground that it was taken more than 20 days after service of notice of the awards. The Commonwealth filed an answer averring that notice of the awards had not been received by it until April 23, 1942. The board, after taking testimony on the motion, found the fact to be as alleged in the Commonwealth's answer and dismissed the motion to quash.

On the merits of the appeal, the board ruled: (1) The amendment introduced a new cause of action; (2) the stipulation of facts, which was the basis of the amendment (and, we might add, of the awards), was not binding on the Commonwealth, as it was not a party to it; (3) the claim, as against the Commonwealth, was barred by the statutory period of limitation. Claimant then appealed to this court.

The first question for our consideration is whether the board erred in refusing to quash the Commonwealth's appeal. Claimant contends that there was no competent evidence to support the board's finding that

the Commonwealth "had received no notice or copy of the referee's awards until April 23, 1942", inasmuch as the testimony of the witness Torchia, on which the finding was based, was not given under oath. When this witness was called, Chairman Murphy said: "Mr. Torchia is a member of the bar and need not be sworn." No objection to this ruling was made then or at any later time before the board. The irregularity, therefore, was waived: 28 R. C. L. (Witnesses) sec. 177; 6 Wigmore on Evidence (3rd ed.) sec. 1819($b$) and cases there cited; and the evidence must be regarded as competent to the full extent of its probative value: Poluski v. Glen Alden Coal Co., 286 Pa. 473. Since the appeal was taken within 20 days from the date of service of notice, as found by the board, and since that finding was sufficiently supported by the evidence, the board cannot be convicted of error in dismissing the motion to quash.

The second question is whether, under the circumstances of this case, liability may be imposed upon the Commonwealth. In this connection, it is unnecessary to decide whether the original compensation agreement described a claim under The Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted by the Act of June 4, 1937, P. L. 1552, or under the supplementary Occupational Disease Compensation Act of July 2, 1937, P. L. 2714. The Commonwealth was not a party to the agreement. It did not purport to bind the Commonwealth; the Commonwealth was not even mentioned in it; and, most important of all, the Commonwealth was not a signatory thereto. Section 407 of The Workmen's Compensation Act, 77 PS §731, required the agreement to be "signed by all parties in interest". Certainly, if the Commonwealth were to be held liable for a portion of the compensation, it would be a party in interest and could not be bound by an agreement to which it was not a party. No effort was made to make the Commonwealth a part to the proceeding until

December 15, 1941, which was almost two years and eight months after the date of disability. It was then too late. The case, on this point, is ruled by the recent decision in Jones v. Philadelphia & Reading Coal & Iron Co. et al, 154 Pa. Superior Ct. 465, wherein it was said (p. 469):

"It is well settled that a new party to the action cannot be brought into the record by amendment after the statutory period has run."

And now, March 27, 1944, judgment is entered for the Commonwealth.