Argued September 29, 1949.
After hearing, on the claim petition of plaintiff's decedent during his lifetime, the referee found him totally disabled from silicosis and entered an appropriate award. On appeals of both the employer and the Commonwealth, the award was affirmed by the Workmen's Compensation Board. Thereafter, the defendant employer alone appealed from the award to the common pleas. In disposing of that appeal the lower court, by order dated February 3, 1942, set aside the award and entered judgment in favor of the defendant employer and its insurance carrier. Based upon the Commonwealth's failure to appeal to the common pleas of Philadelphia County from the affirmance of the award by the Board, the claimant, on November 24, 1943 entered judgment against the Commonwealth ostensibly under § 428 of the then applicable Act of June 4, 1937, P. L. 1552, 77 P. S. § 921, in that court. The Commonwealth thereupon, admitting that it had not appealed, *Page 99 
moved in the lower court to strike off the judgment on the ground that its liability could be predicated only upon the liability of the employer, and since final judgment had been entered in favor of the defendant employer, there could be no liability on the Commonwealth. After argument, the judgment was stricken off. On suggestion of the death of the claimant, his widow as statutory dependent was substituted as plaintiff of record, and she then took this appeal. The order must be affirmed.
The precise point here raised has not been squarely decided, but from the import of our decisions it is clear that the Commonwealth's liability on a claim resting upon occupational disease, is purely derivative, since in every case it is predicated upon a final award, or judgment thereon, entered against the employer. That is the necessary conclusion from this language of KELLER, P.J., in Weyant v. GeneralRefractories Co., 150 Pa. Super. 502, 29 A.2d 100: "The Commonwealth had no part in causing or continuing the conditions responsible for the occupational diseases which disabled workers in certain industries. The employers alone were responsible for them. When an enlightened public opinion demanded that employees suffering disability as a result of such diseases should be compensated by their employers for their inability to work, as well as employees disabled by accident, the Commonwealth, recognizing the justice of the demand, but apprehensive of the effect of its immediate enforcement on many of its great industrial operations, already hard hit by outside competition, provided for a method of easing the employer's burden of compensation by fixing a maximum of $3600 in certain claims and by assuming payment of a part of the compensation, decreasing proportionately for disability arising in subsequent years, when the employers would be able to adjust their operations *Page 100 
to the new burden; but there is nothing in the act that shows any intent on the part of the Commonwealth to assume any part of the costs of the proceedings incidental to establishing the employer's liability. To demand it smacks of looking a gift horse in the mouth." There is no inconsistency in Jones v.Phila. Reading C. I. Co. et al., 154 Pa. Super. 465,36 A.2d 252, with that conclusion. The Commonwealth's obligation to pay a part of the compensation in this class of cases is an assumed gratuity in relief of an employer, primarily liable, and does not otherwise become a liability on the Commonwealth. Nevertheless, for its protection the Commonwealth has the status, wherever it chooses to assert it in such compensation proceedings, of a co-defendant in the action and, as such, has the right of appeal. In the Jones case the Board had erroneously affirmed an award which had been barred by the occupational disease statute because based on a claim for compensation filed more than one year after the death of the deceased workman. Although the employer did not contest that award, the Commonwealth properly exercised its right of appeal from the order directing it to pay 8/10 of the award. The right of appeal under such circumstances is clear, for otherwise the Commonwealth could not protect itself against an award entered by collusion between a claimant and an employer willing to bear the small percentage of the award imposed on the employer by the Act, with the Commonwealth paying the rest.Creighton v. Continental Co. et al., 155 Pa. Super. 165,38 A.2d 337, also relied upon by appellant decided merely that voluntary payment by an employer, in excess of statutory requirements, has no effect upon the separate and distinct liability of the Commonwealth.
Certainly the Commonwealth is bound, under liability which it assumed in the Act, where the employer *Page 101 
alone appeals from an award to the common pleas and the award in claimant's favor is finally sustained. Agostin v. Pgh.Steel Foundry Corp., 157 Pa. Super. 322, 43 A.2d 604, affirmed in 354 Pa. 543, 47 A.2d 680. But if, in such circumstances, the employer alone appeals and the award is set aside by the common pleas as to the employer, that ends the legal obligation of the Commonwealth also, for it is not liable at all except as a contributor to the compensation payable to an employee under an award or judgment against the employer.
Order affirmed.