## Peoples v. Torrance State Hospital

*Carson & Carson,* for claimant.

*Mahady & Mahady,* for State workmen's insurance fund.

BAUER, J., March 15, 1957.—This matter is before the court on the one question, and that is whether or not the State workmen's insurance fund can appeal from the decision of the workmen's compensation referee under the circumstances of this case. The merits of the appeal are not now before the court, but merely the question of the right to appeal.

There is no dispute as to any facts in this case, but the circumstances are as follows:

1. Claimant, Ruby Peoples, filed her claim under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, against Torrance State Hospital. This matter was assigned to a referee, and the State workmen's insurance fund and the Commonwealth of Pennsylvania were joined as defendants.

2. An award was made, after a hearing, against the State workmen's insurance fund.

3. Both the Commonwealth and the State workmen's insurance fund appealed from the referee's award on the ground that the petition of claimant was not filed within one year from the date of disability as prescribed by section 315 of The Pennsylvania Occupational Disease Act. These appeals were filed on May 14, 1956, which was 19 days after the notice of the referee's award.

4. On May 15, 1956, the Commonwealth filed an application to withdraw their appeal, and, on the same day, leave to withdraw the same was granted by the workmen's compensation board.

5. On May 24, 1956, claimant filed with the workmen's compensation board a motion to strike off the

appeal of the State workmen's insurance fund for the reason that the withdrawal of the appeal of the Commonwealth determined all questions which would be the basis of appeal.

6. The workmen's compensation board granted the motion of claimant to strike off the appeal of the State workmen's insurance fund and dismissed that appeal.

7. From this decision of the workmen's compensation board, the State workmen's insurance fund has filed an appeal to the court of common pleas of this county.

Torrance State Hospital, acting on behalf of the Commonwealth of Pennsylvania, was the employer in this matter, and for the purpose of this decision it is proper to consider the Commonwealth as the defendant-employer. The State workmen's insurance fund is the insurance carrier for the Commonwealth, and as such has a distinct entity.

However, by section 401 of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1501, the State workmen's insurance fund was made a party in interest as an employer. The first paragraph of this section reads as follows:

"The term 'employer', when used in this article, shall mean the employer as defined in article one of this act, or his duly authorized agent, or his insurer if such insurer has assumed the employer's liability, or the State Workmen's Insurance Fund of this Commonwealth if the employer be insured therein."

By virtue of the said section 401, the State workmen's insurance fund qualified under "any party in interest", having a right of appeal to the board from the referee's decision under section 423 of the said act, 77 PS §1523.

It is true that the liability of the State workmen's insurance fund is derivative and is dependent upon an award or judgment against the employer, in this

case, the Commonwealth of Pennsylvania. The award in the present case is against the State workmen's insurance fund, as defendant, for the reason that it is substituted by virtue of the aforesaid section 401 for the Commonwealth of Pennsylvania. It has been held that the body having the obligation to pay the award or part thereof by reason of a derivative liability has a right to an appeal which is distinct from that of defendant-employer: Jones v. Philadelphia & Reading Coal & Iron Co., 154 Pa. Superior Ct. 465. In that case the court also said, at page 470: "In general, every party in interest, affected by a judgment or an award, has the right of appeal." To the same effect is the case of Zurbessi v. Sherlock & Neuman Coal Co., 52 Lack. Jur. 213.

The award in the present case was properly made against the State workmen's insurance fund because the fund has been substituted as a defendant-employer by the terms of the act, and the only interest the Commonwealth had in the proceedings was the possibility of liability for part of the payments to claimant under section 308 of The Pennsylvania Occupational Disease Act, as amended, 77 PS §1408.

When the Commonwealth withdrew its appeal from the decision of the referee it did so because under the findings of fact in the award, the Commonwealth was not liable to contribute under section 308 to the payment because there had not been an exposure to the disease in question for five years. The Commonwealth had no other interest in the proceeding since the State workmen's insurance fund had been substituted for it in its capacity as defendant-employer.

Therefore, the court is of the opinion that the State workmen's insurance fund had a right of appeal and this appeal was not affected by the withdrawal of the appeal by the Commonwealth.

### Decree

And now, March 15, 1957, after argument, the appeal of the State workmen's insurance fund from the decision of the workmen's compensation board, made on August 15, 1956, to this court, is sustained and the proceeding is remanded to the workmen's compensation board with instructions to refuse the motion of claimant, dated May 24, 1956, to strike off the appeal of the State workmen's insurance fund, and to proceed with said appeal.