Blackburn *v.* Pennsylvania Turnpike Commission et al., Appellants.

Argued June 16, 1965.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*James P. Harris, Jr.,* for appellants.

*Joseph P. Olexy,* with him *Neville B. Shea,* for claimant, appellee.

*Charles J. Bufalino, Jr.,* for Commonwealth, appellee.

OPINION BY WATKINS, J., September 16, 1965:

In this workmen's compensation case the Pennsylvania Turnpike Commission and its insurance carrier, the defendants-appellants, appealed from the order of the Court of Common Pleas of Luzerne County reversing the Workmen's Compensation Board and directing judgment to be entered in favor of Lottie Blackburn, the claimant-appellee, and against the appellants, for compensation benefits.

The claimant's husband, David Blackburn, died on April 21, 1960. He died as a result of extreme exposure to calcium chloride on January 14, 1960. This exposure occurred when the decedent was helping unload the material from a large trailer while he was employed by the Pennsylvania Turnpike Commission. In the course of this employment he suddenly found himself enveloped in a cloud of dust from the salt compound. He became ill immediately but remained on the job that night. He never returned to work from the time of this incident and his death on April 21, 1960.

He was hospitalized between January 14 and April 21, 1960 for some time in the Geisinger and University of Pennsylvania hospitals. It was the conclusion of the physicians involved that his death was a direct result of severe allergic reaction to extensive exposure to the calcium chloride on January 14, 1960.

Subsequent to the exposure the decedent on January 29, 1960 entered into a compensation agreement with his employer and its compensation carrier. The agreement provided for the payment of total disability

as of January 17, 1960 because claimant "in snow removal process suffered a severe chemical contact dermatitis developed from an allergy to calcium chloride and sodium chloride that is utilized in snow removal". This was fully executed but was never filed and no payments were ever made. It was dated January 29, 1960. It can be inferred that because of this agreement no action of any kind was instituted during his lifetime.

After his death, the claimant-widow on June 7, 1960 filed a claim on behalf of herself and her two minor children. She was not then represented by counsel. The form of the claim petition was selected and filled out by an employee of the Workmen's Compensation Bureau. It was an original death claim. The form submitted was in a form of a "claim petition for compensation by dependents for death resulting from silicosis, anthracosilicosis and asbestosis", under the "Occupational Disease Act". A hearing was held on August 28, 1961 by a referee. The claimant, having engaged counsel, filed an "amended claim petition" requesting that the claim be changed from one under the Occupational Disease Act to one under the Workmen's Compensation Act. The petition was filed at a time beyond the statutory period of sixteen months. Act of February 28, 1956, P. L. (1955) 1120, §1, 77 PS §602. The referee permitted the amendment and made an award.

The Workmen's Compensation Board reversed the referee on the authority of *Jones v. Phila. & Reading C. & I. Co.*, 154 Pa. Superior Ct. 465, 36 A. 2d 252 (1944), which held, in disallowing a death claim, that: "Appellant seeks to avoid the bar of the statute on the ground that her petition was but an amendment to her first petition, filed within the statutory period. The record of the proceedings before the referee, after the claim was remanded by the board, contains the following: 'Disposition. By agreement of counsel for both

sides (i.e. of claimant and defendant employer only) this (first) claim petition was withdrawn—and an amended claim petition—for occupational disease filed in lieu thereof on March 18, 1941.' Although referred to as 'an amended claim petition' and endorsed 'amending claim petition', in fact it was not; it was a new proceeding upon a new cause of action, for obviously evidence of death from occupational disease is different from the proof necessary to support a claim for death from accident", and said, "The Board profound-ly regrets that compensation will be denied this claimant because of her failure to file the correct claim within the statutory limitations, but the time cannot be extended nunc pro tunc, as a matter of indulgence, or because of a hardship shown."

The only question raised in the *Jones* case was whether it was possible for a claimant by petition to amend a claim for workmen's compensation to one under the Occupational Disease Act after the period for filing claims under the Occupational Disease Act had passed. This Court properly held that the so-called "amended claim petition" to an original death claim was in fact a new proceeding and was barred when filed beyond the statutory period. However, we have a different situation in the instant case. Here, the filing of the death claim for occupational disease was brought about by an employee of the bureau who selected and prepared the claim petition for the claimant at a time when she was not represented by counsel. She had relied entirely on the knowledge and experience of the employee of the bureau.

We have held that courts may permit the untimely filing of a claim if fraud or its equivalent is shown, which includes an unintentional deception. *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 155 A. 2d 414 (1959); *Herringshaw v. Travelers Aid Society*, 206 Pa. Superior Ct. 219, 212 A. 2d 914 (1965).

In the *Thorn* case this Court said at page 62: "The courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances. (Citing cases)

"However, the Courts can permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown, which in this connection includes an unintentional deception. The evidence to support such a claim must be clear and precise, more than of doubtful weight. Rowles v. State Workmen's Ins. Fund, 141 Pa. Superior Ct. 193, 200, 14 A. 2d 551 (1940). If a person is deceived, even unintentionally, as to his rights by one who has authority to act in the premises, courts will not ordinarily permit such deception to work an injury to the innocent party. Guy v. Stoecklin Baking Co., 133 Pa. Superior Ct. 38, 47, 1 A. 2d 839 (1938)."

We do not have to treat the problem presented in this case as an attempt by amendment to substitute a new cause of action as we prohibited in the *Jones* case, supra. Here we can treat the petition to amend as the filing of a death claim under the Workmen's Compensation Act. "Strictness of pleading however in Workmen's Compensation cases is not to be required." *Fehr v. Y.M.C.A.*, 201 Pa. Superior Ct. 107, 192 A. 2d 143 (1963). The question then becomes whether the claimant was lulled into a false sense of security by the preparation of her claim under the wrong statute by the employee of the bureau so that the court may permit the untimely filing because of the unintentional deception.

The referee found as a fact: "11. That claimant was without counsel and the Claim Petition was filed inadvertently under the provisions of the Occupational Disease Act." This finding of fact was affirmed by the board. The evidence in the record is clear and precise that the widow went to the workmen's compensation

office and told her story to an employee, Beatrice L. Cavanaugh, who testified that she did prepare and file the claim. It is equally clear that this employee, after the death certificate presented to her by the widow, made the decision that this was an occupational disease case as it is apparent, in this record, that the widow had no knowledge of the difference between workmen's compensation and occupational disease benefits.

The first time that any evidence appears in the record that the claim was filed under the wrong statute was when claimant's counsel filed the petition to amend on August 3, 1962. The statutory period had then already expired. At no point does it appear that the claimant had been made aware that her claim was improperly filed, even though one hearing was held before the referee prior to the filing of the alleged amendment. This hearing, too, was held beyond the statutory period. As the court below aptly says:

"The question of adequate notice permeates the cases dealing with this subject matter. The Courts in Workmen's Compensation cases concern themselves essentially with whether or not the defendant was provided with adequate and timely notice of the nature of the claim and the pertinent facts involved therein. Horn v. Lehigh Valley R.R. Co., supra [274 Pa. 42]; Uditsky v. Krakovitz, 133 Pa. Superior Ct. 186.

"Viewed within this perspective, the time limit placed in the Act was not intended to eliminate meritorious claims by harsh rulings where the claimant has been misled or misinformed. The defendants cannot maintain the injustice of lack of notice. They were completely aware that this matter was one cognizable under the Workmen's Compensation Act. They were fully conversant with the precise facts involved. Such facts were fully set forth in the voluntary agreement entered into by the claimant's decedent, the Pennsylvania Turnpike Commission and its insurance carrier.

"In summary, the wife claimant made timely effort to submit her claim. Its legal effect was frustrated by her reliance upon an election of remedy made by an employee of the Workmen's Compensation Bureau. From the very inception of this matter, the defendant and its insurance carrier were completely informed of the precise facts and the nature of the claim. In view of all these circumstances, to permit a denial of this claim would produce a harsh result which cannot be legally countenanced."

Judgment affirmed.