## Tortorice, Appellant, *v.* Capital Brickwork Construction, Inc.

Argued December 10, 1968. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and HANNUM, JJ.

*Charles F. Quinn,* with him *Sheer & Mazzocone,* for
appellant.

*John F. Ledwith,* with him *Joseph R. Thompson,*
for appellees.

OPINION BY WATKINS, J., March 20, 1969:

This is an appeal from the order of the Court of
Common Pleas of Philadelphia County by the claimant-
appellant, Samuel Tortorice, that affirmed an order of
the Workmen's Compensation Board directing the
claimant to submit to shock therapy under pain of for-
feiture of benefits under Section 306.(F) of the Work-
men's Compensation Act of Pennsylvania, 77 P.S. §531.

The claimant on February 7, 1962 was carrying a
bucket of gasoline and tripped so that the gasoline
splashed over most of his body and, because of his
proximity to an open flame, he became a human torch.

The physical injury sustained eventually healed, but psychiatric damage never healed. From February 7, 1962, to the present, he has been totally disabled, first on a physical basis and then on a psychiatric basis.

On July 13, 1965, the referee found, in a petition to terminate filed by the appellee herein, that the claimant continued to be totally disabled but ordered him to submit to therapy at the expense of the defendant-appellee, Liberty Mutual Insurance Company. The order was dated July 13, 1965. The carrier appealed.

The Board affirmed the referee's decision as to total disability but vacated the order for shock therapy holding that there was "no legally acceptable basis for the referee's fourth finding of fact which we vacate and set aside." This fourth finding of fact, so vacated, was the order to submit to shock treatment. The Board's decision was dated April 14, 1966. No appeal was taken from this decision.

The insurance carrier had the claimant re-examined and then filed a petition for modification on the ground that "the disability of this employe has been reduced to 35% partial disability. . . ." This petition was heard by the same referee who had held that the carrier did not sustain its burden of proof in the hearing of July 13, 1965. The referee again held that the claimant was still totally disabled and dismissed the Petition to Modify on April 17, 1967. The carrier appealed.

The Board affirmed the finding of total disability, but although such a request was not contained in the petition to modify, directed the claimant to submit to shock therapy under pain of forfeiture of benefits under Section 306(F), supra. The claimant appealed from the action of the Board. The Court of Common Pleas affirmed. The appeal to this Court followed.

The appellant contends that the decision of the Workmen's Compensation Board dated April 14, 1966

which reversed the referee's order directing shock therapy, unappealed from, is res adjudicata. Strictness of pleading in workmen's compensation cases is not to be required. *Blackburn v. Pennsylvania Turnpike Commission*, 206 Pa. Superior Ct. 222, 213 A. 2d 159 (1965). We are not, therefore, considering the argument on res adjudicata.

However, the appellant still contends that the record is barren of evidence which meaningfully explores the question of what risks are involved in requiring a psychotic to submit to shock therapy, and that the record should be remanded for a complete hearing so that the Board may properly determine the reasonableness or unreasonableness of the claimant's refusal to submit to shock therapy. We agree with this contention of the appellant.

This record leaves much to be desired in order to sustain the Board's decision under Section 306(F) of the Act. In *Hanyok v. Pennsylvania Coal and Coke Corporation*, 155 Pa. Superior Ct. 194, 38 A. 2d 537 (1944), we said at page 197: "The compensation would cease, in the event of such a refusal, only if the medical or surgical treatment refused by the employee would have resulted in a complete restoration or recovery without any incapacity or disability due to the accident." And at page 199: "Nor does the board have any authority to declare that the claimant has forfeited any part of his compensation, or to reduce the amount payable to him because of disability, until it has first found the extent or percentage of disability that would be corrected by the operation. Only to the extent of that finding can his compensation be affected.

"And in deciding the question of the reasonableness of the operation, the board should consider the extent of the pain, suffering, inconvenience, etc., entailed by the operation in connection with the benefit that will

probably result from it, whether the latter is such as reasonably to justify the former."

Under this record it is impossible to find even a prediction of any percentage of recovery and if, in effect, the Board has the discretion to determine reasonableness this decision under the present state of the record is a gross abuse of the discretion.

I think it is a fair statement that surgery such as the correction of an intervertebral disc or hernia surgery are comparable in considering the extent of pain, suffering, inconvenience, etc., as submission to shock therapy in a mental condition. It is also a fair statement that it may be easier to obtain a statement of expert opinion as to the ultimate chances of improvement or recovery in the cases of disc or hernia surgery than in the application of shock therapy. It is interesting to note that in the recent case of *Collins v. Hand*, 431 Pa. 378, 246 A. 2d 398 (1968), the risks and hazards involved in shock therapy were made clearly apparent. It was a suit for malpractice and the woman plaintiff had fractured both hips as the result of the administration of electro-convulsive therapy. The evidence in this case indicated that bone fractures even of the hips "are a recognized risk of such therapy".

We have held that the refusal to submit to a second myelogram to determine a disc injury was not unreasonable. *Bostic v. Dreher*, 206 Pa. Superior Ct. 257, 213 A. 2d 118 (1965). In *Purnell v. Wolffe*, 204 Pa. Superior Ct. 211, 203 A. 2d 511 (1964), it was held that a woman who had suffered lumbar disc herniation and refused surgery was not barred from recovery. In *Skoczynski v. Gilberton Coal Company*, 188 Pa. Superior Ct. 426, 145 A. 2d 859 (1958), we held that under Section 315 the employee who refuses medical or surgical attention, in this case plastic surgery on a scar, only forfeits his rights to benefits where the treatment might

alleviate disability and restore earning power and capacity and held such refusal reasonable. See also, *Beury v. Aluminum Company of America*, 210 Pa. Superior Ct. 321, 233 A. 2d 308 (1967), 61 Schuylkill Leg. Rec. 98; *Beener v. North American Machine Company*, 204 Pa. Superior Ct. 506, 205 A. 2d 665 (1964).

The record should be remanded to the Board for a full hearing on a question of submission to shock therapy so that the Board will have before it the extent of pain involved, the pain and suffering of the patient, and the inconvenience entailed in connection with the therapy. This, together with evidence of the extent of disability, if any, that would be corrected and any benefit that may result from it so that the Board may then determine from the record that the cure that may be so affected may reasonably justify the agony of the treatment. Included in this hearing should be expert testimony as to the value in general of shock therapy in mental cases and specifically in the treatment of this patient.

It should be clearly understood that the claimant herein consents to hospitalization, psycho-therapeutic study, or drugs. He refuses only to submit to shock therapy.

The order of the Court of Common Pleas of Philadelphia County is reversed and the record is remanded to the Workmen's Compensation Board for a full hearing in accordance with this opinion.