Commonwealth of Pennsylvania and Allegheny River Mining Co. and Old Republic Insurance Company *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dorothy Eck, w/o Christopher. Commonwealth of Pennsylvania, Appellant.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, with her *Mary Ellen Krober,* Assistant Attorney General, for appellant.

*Gerald Long,* with him *Pawlowski, Long, Creany, Tulowitzki,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, June 22, 1978:

Dorothy Eck filed a fatal claim petition under Sections 307 and 308(a) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§1407, 1408(a), seeking widow's

benefits on account of the death of her husband, Christopher, who died on January 12, 1972. Mrs. Eck alleged coal worker's pneumoconiosis had been a contributing cause of her husband's death. After hearing, the referee concluded that Mrs. Eck was entitled to compensation and funeral expenses, and he assessed 60% of the liability for payment of the award against the employer, Allegheny River Mining Company, and 40% of the liability for payment against the Commonwealth, pursuant to Section 308(a) of the Act, 77 P.S. §1408(a). The employer appealed and the Workmen's Compensation Appeal Board affirmed the referee's decision in an order dated January 9, 1975. The employer appealed the Board's order to the Armstrong County Court of Common Pleas. The Commonwealth did not appeal from either the referee's or the Board's decision.

The Armstrong County Court of Common Pleas held that Mrs. Eck had failed to establish that her husband's occupational disease had contributed to his death and overturned the award of compensation as assessed against the employer. The court below held, however, that since the Commonwealth had not appealed from the decisions of the referee and the Board, it was not relieved of "its continuing obligation to make compensation payments as stated in the Referee's decision as affirmed by the Board." The Commonwealth has appealed from this order.[1]

The parties to this appeal, the Commonwealth and Mrs. Eck, agree that the sole issue before this Court is whether the court below erred in ruling that the Commonwealth is under a continuing obligation to pay 40% of the compensation awarded to this claimant by the referee in the face of its conclusion that the claimant was not entitled to any award.

---

[1] Mrs. Eck did not appeal from the order below.

This issue was addressed in *Heinrich v. Commonwealth*, 166 Pa. Superior Ct. 97, 70 A.2d 472 (1950). There, on facts not materially different from those here, the Superior Court held that the Commonwealth's liability with respect to occupational disease claims under Section 308(a), 77 P.S. §1408(a), is purely derivative because it is predicated upon a final award or judgment against the employer. The Superior Court stated: "The Commonwealth's obligation to pay a part of the compensation in this class of cases is an assumed gratuity in relief of an employer, primarily liable, and does not otherwise become a liability on the Commonwealth." *Heinrich, supra* at 100, 70 A.2d at 474. The Court noted that where the employer alone appeals to the common pleas court and the award in a claimant's favor is sustained, then the Commonwealth is still bound, but it concluded:

> But if, in such circumstances, the employer alone appeals and the award is set aside by the common pleas as to the employer, that ends the legal obligation of the Commonwealth also, for it is not liable at all except as a contributor to the compensation payable to an employee under an award or judgment against the employer.

*Heinrich, supra* at 101, 70 A.2d at 474.

When the Armstrong County Court of Common Pleas set aside the award as against the employer, Allegheny River Mining Company, the legal obligation of the Commonwealth for contribution ended. The court below erred by failing to vacate that portion of the referee's order, affirmed by the Workmen's Compensation Appeal Board, reading as follows:

> The Commonwealth of Pennsylvania, Department of Labor and Industry, is directed to pay 40% of said award . . . which shall be in the amount of $39.00 per week. . . .

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation is further directed to pay to the claimant $300.00 . . . for burial.

### ORDER

AND Now, this 22nd day of June, 1978, the order of the Armstrong County Court of Common Pleas is modified so as additionally to vacate that portion of the referee's order, affirmed by the Workmen's Compensation Appeal Board, reading as follows: .

The Commonwealth of Pennsylvania, Department of Labor and Industry, is directed to pay 40% of said award . . . which shall be in the . amount of $39.00 per week. . . .

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation is further directed to pay to the claimant $300.00 . . . for burial.

As so modified it is affirmed.