515 A.2d 1020

Ace Tire Company and American States Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Hand), Respondents.

Argued March 10, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS and BARRY, sitting as a panel of three.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*Seymour A. Sikov,* with him, *Timothy P. O'Brien, Sikov and Love, P.A.,* for respondent, Richard R. Hand.

*Richard L. Muchow,* with him, *Ralph A. Davies, Grigsby, Gaca & Davies, P.C.,* for respondent, Platt Brothers, Inc.

*William J. Begley, Cauley, Conflenti, & Latella,* for intervening respondent, Kenneth Shelton.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 3, 1986:

A Workmen's Compensation Appeal Board order upheld a referee's decision finding Ace Tire Company (Ace) solely responsible for the payment of total disability benefits to Richard Hand and dismissing Ace's petition to join Kenneth Shelton as a party defendant. Ace appeals; we affirm in part and vacate and remand in part.

Platt Brothers, Inc. (Platt), a general contractor, was hired to construct a new garage. Kenneth Shelton, owner of Shelton Excavation Company, submitted a bid to perform excavation and other work at the construction site. Thereafter, Platt and Shelton encountered difficulty obtaining the required performance bonds and turned to Ace to assist in this regard. Ace obtained the required bonding which named Ace as the principal and Platt as the obligee. Ace then became a subcontractor to Platt and, in turn, subcontracted the actual excavation work to Shelton. As part of its agreement with Ace, Platt required Ace to carry workmen's compensation insurance, although Platt paid the bond and insurance premiums. Shelton was uninsured. Hand, employed by Shelton as a laborer, was struck in the back by a falling tree and was rendered a paraplegic.

Hand filed a claim petition against Ace and Platt. Ace filed a petition to join Shelton as a party defendant and Shelton filed objections to the joinder. The referee issued a decision which granted total disability benefits to Hand, ordered Ace's insurance carrier to pay Hand's attorney's fees on the basis of an unreasonable contest, and found that Platt's responsibility as a statutory employer was avoided by requiring and agreeing with Ace to carry workmen's compensation insurance. The referee also denied Ace's petition to join Shelton as a party defendant. The Board affirmed the decision of the referee. Ace then filed a timely petition for review with this Court.

Our scope of review in workmen's compensation cases, where the party with the burden of proof has prevailed before the referee, is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed, or whether any constitutional rights of the petitioner were violated. *Jones & Laughlin Steel Corp. v. Workmen's Compensa-*

*tion Appeal Board (Feiertag)*, 90 Pa. Commonwealth Ct. 567, 571, 496 A.2d 412, 415 (1985).

Ace first contends that it is not a statutory employer within the meaning of Sections 302(a) and 302(b) of The Pennsylvania Workmen's Compensation Act[1] since it had no actual control over the workplace where claimant was injured. Ace argues that Platt is responsible as a statutory employer because Ace was merely a conduit for Platt and Shelton to procure the bonding needed for the project. We disagree.

Ace is clearly an essential partner in this transaction because without Ace's active cooperation, the project would have never commenced. It was Ace who obtained the necessary performance bond and specifically procured workmen's compensation insurance to cover its liability as required by Platt, the general contractor. While Ace may not have exercised any actual control over the construction site, it certainly had the potential, as the first subcontractor, to do so. *See Wright Demolition and Excavating Co. v. Workmen's Compensation Appeal Board (Manuel)*, 61 Pa. Commonwealth Ct. 479, 434 A.2d 232 (1981). The Board committed no error when it found Ace to be a statutory employer under the Act.

Ace argues further that the Board erred in relieving Platt, the general contractor, of any liability for the payment of workmen's compensation benefits to Hand. The Board did so based on Sections 302(a) and 302(b) of the Act.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§461 and 462.

[2] Section 302(a) reads, in pertinent part, as follows:

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractors *unless the subcontractor primarily liable for the payment of such*

The language of these sections clearly states that a contractor who is exposed to liability for employees of a subcontractor may avoid that responsibility by requiring the subcontractor to secure the payment of workmen's compensation benefits to its employees.. *Wright Demolition & Excavating Co.; Menginie v. Savine,* 170 Pa. Superior Ct. 582, 88 A.2d 106 (1952). *See also* Barbieri, Pa. Work. Comp. §4.09 (1975). The referee and the Board did not err in finding no liability on the part of Platt for the payment of benefits.

Ace's second contention is that Shelton, Hand's employer and immediate supervisor with control over the work site, should be primarily liable for the payment of benefits. We disagree. Sections 302(a) and 302(b) impose on the general contractor primary *responsibility* for payment of benefits to a subcontractor's employee. The general contractor can avoid this responsibility by

---

*compensation has secured its payment as provided for in this act.* Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

(Emphasis added.) Section 302(b) reads, in pertinent part, as follows:

.Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant *unless the hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.* Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor.

(Emphasis added.)

requiring the subcontractor to secure the payment of benefits. *Menginie*. Platt, the general contractor, avoided its liability by requiring Ace to procure workmen's compensation insurance coverage. Ace could have avoided its liability by requiring Shelton to procure insurance coverage. Ace chose not to do so. In enacting Sections 302(a) and 302(b), the General Assembly evinced a clear intent to insure the payment of workmen's compensation benefits by placing primary responsibility upon the first financially responsible employer in the subcontractor chain, even if that employer is not the one primarily liable. *See Wilson v. Faull*, 27 N.J. 105, 141 A.2d 768 (1958) (interpreting Pennsylvania law).

Ace also argues that the Board improperly dismissed its third-party claim against Shelton for reimbursement. We agree. While Sections 302(a) and 302(b) make the first financially responsible contractor primarily liable for payment of benefits, those provisions also give that contractor a right of reimbursement against the subcontractor with control over the workplace.[3] Therefore, Ace does have a right to pursue its claim for reimbursement against Shelton.

Conversely, Shelton argues that the Board properly dismissed Ace's third-party claim on the basis of Ace's failure to provide him with copies of all the pleadings filed when it attempted to join him as a third-party defendant. Ace was required to do so, Shelton argues, by Pa. R.C.P. No. 2254(b). Shelton's reliance upon the Rules of Civil Procedure is misplaced, however, since those rules are not applicable to workmen's compensation cases before the referee or the Board. *Cf. Tortorice v. Capital Brickwork Corp.*, 214 Pa. Superior Ct. 248,

---

[3] The 1974 amendment to Sections 302(a) and 302(b) of the Act added the right to reimbursement. *See* Act of December 5, 1974, P.L. 782.

251 A.2d 812 (1969) (technical rules of pleading do not apply to workmen's compensation cases).

The Board's procedural regulations in effect at the time of Hand's hearings did not provide for a specific procedure for joinder of additional defendants. We are satisfied, though, that Ace's notice to Shelton constituted a pleading sufficient to join Shelton as a third-party defendant. The referee and the Board therefore erred when they dismissed Ace's claim against Shelton. Accordingly, we shall remand the matter to permit Ace to pursue its reimbursement claim against Shelton under Sections 302(a) and 302(b) of the Act.

Ace's final contention[4] is that the Board erred when it found that Ace did not have a reasonable basis for contesting the claim petition. In this contention, we are constrained to agree with the Board. There is no question that Hand is totally disabled and that his disability was caused by a work-related injury. The only issue which Ace contested before the referee was that of its liability. Yet, the only reason for Ace's participation as a subcontractor in this venture was to provide bonding and *workmen's compensation insurance coverage*. In view of the irrefutable evidence of Hand's disability and its work-related nature, we agree with the Board that Ace had no reasonable basis for contesting the petition as to Hand.

---

[4] Ace also contends that Sections 302(a) and 302(b) of the Act are unconstitutional if they impose liability upon a party as a statutory employer where the party had no actual control over the workplace. We are satisfied that on the facts of this case, we need not reach this constitutional question. We have noted that while Ace exercised no actual control over the construction site, it had a right to do so. Moreover, Ace voluntarily submitted itself to liability and acknowledged exposure by procuring workmen's compensation coverage. Based upon these facts, we are satisfied that Ace waived any constitutional challenge to the operation of those sections of the Act.

We affirm the Board's compensation award but reverse its dismissal of Ace's third-party claim against Shelton and remand this matter to the referee for a hearing on Ace's claim for reimbursement under Sections 302(a) and 302(b) of the Act.

ORDER

The Workmen's Compensation Appeal Board order, No. A-81691 dated August 21, 1984, is affirmed insofar as it holds Ace Tire Company and/or its insurance carrier liable for the payment of workmen's compensation benefits to Richard Hand. The order is vacated insofar as it affirmed the referee's dismissal of Ace Tire Company's third-party claim against Kenneth Shelton.

This matter is remanded for a hearing on Ace Tire Company's claim against Kenneth Shelton for reimbursement under Sections 302(a) and 302(b) of The Pennsylvania Workmen's Compensation Act, said claim for reimbursement to have no effect upon the liability of Ace Tire Company and/or its insurance carrier for the payment of workmen's compensation benefits to Richard Hand.

Jurisdiction relinquished.