Opinion by
 

 Kenworthey, J.,
 

 This workmen’s compensation case was commenced by the employer’s petition to terminate or modify a total disability agreement. The petition alleged that all disability had ceased and the employee was able to return to work on. October 17, 1938. The referee and the board found fifty percent disability and modified the agreement accordingly. The court affirmed. The employer has appealed and contends that the evidence does not support the finding of any disability and certainly none in excess of twenty-five percent.
 

 The accident occurred January 26, 1938, and the compensation for total disability was paid to November 2, 1938, under an agreement. The injuries were to the head, neck, wrist, arm and shoulder. The cause of disability, if any, beyond October 17, 1938, was a nervous or mental condition, a deformity of the wrist resulting from a fracture, and arthritis of the right arm. Without reviewing it in detail, the evidence consisted of: (1) The opinion of a physician called by the employer who said there was no disability beyond October 17, 1938; (2) the opinion of a physician called by the employee who said he was suffering from a brain injury and bone injuries to the right arm, both of which resulted from the accident and that, as a result, he was totally disabled; (3) the opinion of an impartial expert who said that the disability was fifty percent, half of which was caused by the brain condition, but who ventured no very clear opinion as to whether the
 
 *249
 
 brain condition was. caused by. the accident; and (4) the opinion of an impartial expert who said that the disability was fifty percent, half of which was. caused by the deformity of. the right wrist and who. expressed no opinion as to the brain condition.
 

 The opinions of the two impartial experts that the employee was fifty, percent disabled, coupled with the opinion of the physician called by claimant that both the brain injury and the injury to the wrist resulted from the accident, furnish ample evidence to support the board’s finding that all the disability which it allowed was due to the accident. And it should be! borne in mind that, on a petition to terminate or modify, the burden of proof is on the employer and the board was at liberty to accept or reject any part or all of the oral evidence offered by it.
 
 Pelosi v. The Overbrook Tile Co.,
 
 138 Pa. Superior Ct. 30, 34, 10 A. (2d) 118.
 

 The order of the court below directing the entry of judgment is affirmed.