J-S07012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS CHEMIL HARRIS | : | |
| | : | |
| Appellant | : | No. 1193 MDA 2023 |

Appeal from the PCRA Order Entered July 26, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002994-2016,
CP-67-CR-0006791-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS CHEMIL HARRIS | : | |
| | : | |
| Appellant | : | No. 1194 MDA 2023 |

Appeal from the PCRA Order Entered July 26, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002994-2016,
CP-67-CR-0006791-2015

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: MARCH 12, 2024**

---

[*] Retired Senior Judge assigned to the Superior Court.

Dennis Chemil Harris appeals from the order,[1] entered in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has filed an application to withdraw and an accompanying **Anders** brief.[2]  Upon review, we affirm and grant counsel's application to withdraw.

---

[1] Harris filed two timely *pro se* notices of appeal on August 21, 2023, each listing both trial court docket numbers.  This Court consolidated the appeals *sua sponte* on January 17, 2024.  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket.  Subsequently, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court concluded that a breakdown in the courts occurs when a PCRA court advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers.  **See also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (en banc) (reaffirming **Stansbury**).

Here, the PCRA court's July 26, 2023 order denying PCRA relief advised Harris that he "has the right to appeal this [o]rder and that if he wishes to do so, must file **the Notice of Appeal** within thirty (30) days after entry of this [o]rder."  PCRA Court Order, 7/26/23 (emphasis added).  Because the PCRA court provided Harris with incorrect advice regarding the requirements for filing his notices of appeal, we conclude that a breakdown in the operations of the court has occurred and, thus, decline to quash the appeal.  **Larkin**, **supra**; **Stansbury**, **supra**.

[2] As these are appeals from the denial of a PCRA petition, counsel was required to comply with the less restrictive procedural requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).  However, counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and their progeny.  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

On May 17, 2017, a jury convicted Harris, *in absentia*, at docket number CP-67-CR-0006791-2015 of robbery and related offenses stemming from his robbery of a Northwest Savings Bank on September 15, 2015. On May 25, 2017, Harris was convicted by a separate jury, *in absentia*, of robbery and related offenses, stemming from his robbery of a Wells Fargo Bank on August 20, 2015, at docket number CP-67-CR-0002994-2016. On June 27, 2017, the trial court sentenced Harris at both dockets to an aggregate term of 14½ to 29 years' incarceration. Harris filed a timely appeal and this Court vacated his judgments of sentence, finding that his right to counsel had been violated, and remanded for new trials. *See Commonwealth v. Harris*, 1174 MDA 2017 (Pa. Super. filed Oct. 1, 2018) (unpublished memorandum decision). Our Supreme Court denied the Commonwealth's petition for allowance of appeal on June 12, 2019. *See id.*, 214 A.3d 637 (Pa. 2019) (Table).

Following remand to the trial court, on January 6, 2020, Harris entered open guilty pleas at both docket numbers. The court deferred sentencing pending preparation of a pre-sentence investigation report. On June 18, 2020, the court sentenced Harris to an aggregate term of 14½ to 29 years' incarceration.[3] Harris did not file post-sentence motions or a direct appeal.

_____

[3] On July 8, 2020, the Commonwealth filed a motion to amend the sentencing order, noting that Harris had been sentenced to a term of 6 to 12 years' incarceration for simple assault at Count 9 of docket number CP-67-CR-0002994-2016, when the statutory maximum for that offense was 2 years' incarceration. On July 9, 2020, the court issued an amended sentencing order, imposing a sentence of 1 to 2 years' incarceration for simple assault. The remaining sentences were unchanged, as was the aggregate term of imprisonment.

On March 21, 2023, Harris filed the instant, *pro se*, PCRA petition. The court appointed counsel, who filed a **Turner**/**Finley** "no-merit" letter on May 6, 2023. On July 25, 2023, the PCRA court dismissed Harris' petition as untimely without a hearing.[4] Harris filed a timely notice of appeal and the PCRA court appointed counsel to represent him on appeal. On September 21, 2023, counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). Counsel raises the following claims:

1. Whether the [PCRA] court erred in dismissing [Harris'] PCRA petition without a hearing when [Harris'] petition pleaded exceptions to the timeliness requirement?

2. Whether, outside of [Harris'] untimeliness, any grounds exist for PCRA relief?

**Anders** Brief, at 4.

Prior to reaching the merits of the claims raised by counsel in his **Anders** brief, we must address counsel's motion to withdraw. Where counsel seeks to withdraw from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Such independent review requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) a "no-merit" letter by PCRA counsel listing each issue the petitioner wished to

_____

[4] We note that the PCRA court inexplicably issued its Pa.R.Crim.P. 907 notice of intent to dismiss on the same date it dismissed Harris' petition. However, failure to issue a proper Rule 907 notice is not reversible error where the record is clear that the petition is untimely. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013).

have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. ***Id.***; ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006),[5] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that . . . he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

***Id.*** at 614. ***See also Commonwealth v. Muzzy***, 141 A.3d 509, 512 (Pa. Super. 2016) (clarifying that "in an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that **upon the filing of counsel's petition to withdraw**, the petitioner-appellant has the

_____

[5] This Court's holding in ***Friend*** was subsequently overruled on other grounds by the Supreme Court in ***Pitts***, ***supra***.  However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact.  ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011).

immediate right to proceed in the appeal *pro se* or through privately-retained counsel.") (emphasis in original).

Here, counsel has substantially complied with the ***Turner***/***Finley*** and ***Friend*** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Harris and informed him of his right to proceed *pro se* or with privately retained counsel,[6] raised Harris' issues in the form of a brief addressed to this Court, and explained why the claims are meritless. Counsel having substantially satisfied the procedural requirements for withdrawal, we now turn to an independent review of the record to determine whether Harris' claims merit relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.*** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. ***Widgins***, 29 A.3d at 820.

---

[6] Harris has not raised any additional issues, either *pro se* or through private counsel.

Harris contends that the PCRA court erred in dismissing his petition because he pled exceptions to the PCRA's time bar.  The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **_Commonwealth v. Lawson_**, 90 A.3d 1, 4 (Pa. Super. 2014).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner alleges and proves that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1) is met.[7]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented.  **_See_** 42 Pa.C.S.A. § 9545(b)(2).

---

[7] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Here, Harris' judgment of sentence became final for purposes of the PCRA on August 10, 2020, at the expiration of the 30-day period for filing a direct appeal with this Court.[8]  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Thus, Harris had until August 10, 2021, to file a timely PCRA petition.  Harris' instant petition, filed on March 21, 2023, was filed more than 2½ years after his judgment of sentence became final.  Accordingly, Harris' petition is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  **See Hernandez**, **supra**.

In his PCRA petition, Harris invoked the newly-discovered evidence exception to the time bar.  However, he did not specify the exact nature of this evidence.  Although his argument is convoluted and unclear, it appears that he may have been attempting to claim that his mental incompetency qualifies as newly-discovered evidence by listing symptoms of mental illness and then stating the following:

> Facts unknown and not discoverable by due diligence § 9545(b)(1)(ii) is the second exception to the one[-]year filing period which permits an untimely claim when the "facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.["]
>
> The precise date petitioner became aware of said evidence is __/__/__.  Mental incompetence during the statutory period for

---

[8] The thirtieth day, August 8, 2020, fell on a Saturday.  When computing the 30–day filing period, "[if] the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Accordingly, Harris had until the following Monday, August 10, 2020, to file his notice of appeal.

> filing a PCRA petition may constitute "after[-]discovered evidence."

*Pro Se* PCRA Petition, 3/21/23, at 16. He also asserts that the trial court and his previous counsel denied him the opportunity to present evidence of his mental incompetency prior to his 2017 trial and baldly cites to **Brady v. Maryland**, 373 U.S. 83 (1963), without specifying the **Brady** material in question.

Harris' attempt to circumvent the PCRA's jurisdictional time bar fails for multiple reasons. First and foremost, Harris frames this claim with respect to his 2017 trial. However, the judgments of sentence imposed following his convictions in that trial were vacated on appeal to this Court, and his case was remanded for new trials. **See Harris**, **supra**. Accordingly, any alleged errors, ineffectiveness, or misconduct committed by the trial court, his own counsel, or the prosecution prior to or during the 2017 trial were rendered moot in the face of this Court's vacatur of his judgments of sentence.

Moreover, Harris neither specifies the exact nature of the "newly-discovered evidence"[9] nor states when he allegedly discovered the evidence. **See** PCRA Petition, **supra** (stating "[t]he precise date petitioner became aware of said evidence is __/__/__"). Vague and unsupported contentions are insufficient to satisfy the PCRA's requirement of pleading and proving the existence of an exception to the time bar. **Commonwealth v. Yarris**, 731

---

[9] We note that evidence regarding Harris' mental health could not be deemed "newly-discovered," as he would have been aware of his own mental health diagnoses and any treatment he received.

A.2d 581, 588 (Pa. 1999) ("vague and unsupported" allegation inadequate to establish time-bar exception); *Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (petitioner does not meet burden of proving time-bar exception where he offers only general allegations, unsupported by evidence).

Harris failed to plead and prove an exception to the time bar in his petition. Accordingly, the PCRA court correctly determined that it lacked jurisdiction to address his claims and we, therefore, affirm the order denying post-conviction relief and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/12/2024